THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK ECONOMAC, Plaintiff in Error.

*Opinion filed December 22, 1909.*

1. PRACTICE—*objections and exceptions to rulings of court can only be saved by bill of exceptions.* Objections and exceptions to the rulings of the court in the trial of a case can only be preserved by a bill of exceptions, and not by the judgment order of the court or recitals by the clerk in his record.

2. CRIMINAL LAW—*proceedings on an application for discharge for want of prompt trial must be shown by bill of exceptions.* A prisoner who claims he has not been brought to trial within the time provided by statute should invoke the statute and demand his release in the trial court and preserve the proceedings upon such application by a bill of exceptions, otherwise the question is not saved for review.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

W. G. ANDERSON, (GEORGE H. SUGRUE, of counsel,) for plaintiff in error.

W. H. STEAD, Attorney General, JOHN E. W. WAYMAN, State's Attorney, and JOEL C. FITCH, (ZACK HOFFHEIMER, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

January 23, 1907, the grand jury in Cook county returned an indictment for rape against the plaintiff in error. He was arrested on a warrant and in default of bail was remanded to the custody of the sheriff of Cook county. January 28, 1907, he was arraigned in the criminal court of said county and pleaded not guilty, and was again remanded to the custody of the sheriff. February 15, 1907, the case, by order of the criminal court, was transferred to the municipal court of Chicago, and by the order of transfer he was again remanded to the custody of the sheriff.

November 14, 1907, plaintiff in error being present in person, the criminal court vacated its former order transferring said case to the municipal court and re-instated it in the criminal court, again remanding him to the custody of the sheriff. In this order of re-instatement it was set forth, among other things, that on or about February 25, 1907, plaintiff in error was tried and convicted in the municipal court and committed to the Illinois State penitentiary; that on November 11, 1907, the municipal court vacated that judgment of conviction and transferred the case to the criminal court of Cook county. Plaintiff in error on November 21, 1907, made a motion to be discharged, which was overruled by the court and exception taken. On November 29, 1907, plaintiff in error again moved for his discharge, which motion was again overruled and exception taken. Thereafter, on said November 29, 1907, plaintiff in error was placed on trial in the criminal court, and on November 30 the jury returned a verdict of guilty and fixed his punishment at imprisonment for fifteen years in the penitentiary. December 13, 1907, on motion of plaintiff in error, the court set aside the verdict of guilty and granted a new trial, whereupon, on the same day, plaintiff in error withdrew his plea of not guilty and entered a plea of guilty, and the court sentenced him to imprisonment in the Illinois State penitentiary for a term of four years. No bill of exceptions is found in the record.

The argument is made that on this record the prisoner should be discharged because he was not brought to trial in the criminal court within the time required by statute. It is insisted that this record is practically the same as the one passed on in *People* v. *Jonas,* 234 Ill. 56, and that that case is decisive of the questions here involved. We cannot so hold. In the *Jonas case* there was a bill of exceptions which properly preserved the objections and exceptions to the errors relied on. Here there is no bill of exceptions. The plaintiff in error was only entitled to be set at liberty

in case the delay as to bringing his case to trial did not happen on his own application. If such delay happened on his own application he is in no position to complain. This court held in *Dougherty* v. *People,* 124 Ill. 557, that where there is no bill of exceptions in the record (p. 559) "we are unable to say that the failure to try the cause was not due to the defendant's own application. In the absence of anything to show to the contrary, it will be presumed that what the trial court did was rightly done. The plaintiff in error cannot claim the benefit of the section relied on, because the record does not show that his case comes within the provisions of that section." It is insisted that such facts are shown in the record here, by orders of court and the clerk's minutes. This court has held that objections and exceptions to the rulings of the court cannot be properly preserved by the judgment order of the court. (*Force Manf. Co.* v. *Horton,* 74 Ill. 310; *People* v. *O'Gara Coal Co.* 231 id. 172, and cases cited.) The same rule has been repeatedly laid down by this court with reference to preserving objections and exceptions by the recital by the clerk in his record. This can only be done by bill of exceptions. (*Steffy* v. *People,* 130 Ill. 98; *Burns* v. *People,* 126 id. 282; *Mullen* v. *People,* 138 id. 606; *People* v. *Drainage Comrs.* 156 id. 614; *City of Chicago* v. *Ogden, Sheldon & Co.* 227 id. 595; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 231 id. 112.) The record is not in such condition that plaintiff in error can properly raise the question of delay in his trial. He should have invoked the statute and demanded release in the trial court and then have preserved the proceedings upon such application by a bill of exceptions. *People* v. *Murphy,* 212 Ill. 584.

The judgment of the criminal court of Cook county must be affirmed.                    *Judgment affirmed.*