## Septimus Storey, Appellant, v. Clara Genn, Appellee.

### Gen. No. 5283.

APPEALS AND ERRORS—*when nothing presented for review.* In a case tried before the court without a jury there is nothing presented for review if no rulings were made by the court and excepted to by appellant, if no propositions were presented by the appellant which were refused by the court, and if the bill of exceptions does not show an exception to the finding and judgment of the court.

Judgment by confession. Appeal from the Circuit Court of DeKalb county; the Hon. DUANE J. CARNES, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed March 11, 1910.

J. B. STEPHENS, for appellant.

W. W. MERCER and JONES & ROGERS, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

On February 14, 1908, appellant recovered a judgment by confession against appellee for $1,802.60 upon two promissory notes, on each of which appellee was the third signer, which notes were dated November 1, 1902, and were past due. The judgment was opened,

defendant filed pleas, appellant amended his declaration and there were stipulations as to the pleadings, the last of which was that all proper pleadings were considered in; the cause was tried without a jury, and there was a judgment for appellee, from which the plaintiff below appeals.

From the briefs it appears that appellee relied on two defenses: (1) that she signed these notes several years after they had been signed and delivered by the principals and that she was a surety only, and that there was no consideration for her signing the notes moving either to herself or to any one else; against which contention appellant sought to show that the consideration was the forbearance to enforce the notes for a reasonable time; and (2) that after she signed these notes as surety appellant accepted from the principals a new note for the entire amount of both original notes, payable January 10, 1910, and secured by a chattel mortgage, and that this extension was without her consent and released her from her liability; to which appellant sought to reply a provision in the notes signed by appellee that no extension of payment should release any signer, whether given with or without his consent.

The bill of exceptions does not show any ruling by the court upon any question whatever. The only objections to testimony were in certain depositions, and those objections were not relied upon. The only proposition of law was presented by appellant and was given. The bill of exceptions does not state either the finding or the judgment of the court, and does not contain any exception to either. There is therefore no exception in the bill of exceptions to either the finding or the judgment of the court. In the absence of such an exception, the sufficiency of the evidence to support the judgment cannot be inquired into upon an appeal in a case tried by the court without a jury. Climax Tag Co. v. American Tag Co., 234 Ill. 179. The record written by the clerk says that "plaintiff

having entered his exceptions herein, prays an appeal." This does not aid appellant. It has been decided in many cases in this state that the clerk of the court has no authority to certify what exceptions were taken at the trial, but that the judge must make that certificate in a bill of exceptions in order to preserve the ruling for review. People v. Ecomomac, 243 Ill. 107. Besides, this entry by the clerk does not indicate what exceptions were taken, nor to what ruling they were taken. This record presents no question for our consideration.

The judgment is therefore affirmed.

*Affirmed.*