THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ERNEST BURNETT, Plaintiff in Error.

*Opinion filed November 20, 1946.*

ERNEST BURNETT, *pro se.*

GEORGE F. BARRETT, Attorney General, and LOUIS P. ZERWECK, State's Attorney, of Belleville, for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

Plaintiff in error, Ernest Burnett, was on April 24, 1935, on a plea of guilty to the charge of murder, convicted and sentenced in the city court of East St. Louis to imprisonment for the term of his natural life.

He appears *pro se* and prosecutes this writ of error to review that judgment. The indictment consisted of two counts, both charging murder. No bill of exceptions was filed and the cause is here on the common-law record. That record discloses that the indictment was returned on September 14, 1934. On September 18 he was arraigned and pleaded "not guilty." On the same date the court appointed Alvin Novack as attorney for plaintiff in error. On September 21 that order was set aside on account of the de-

fendant having an attorney, Louis F. Orr, retained to represent him. On October 4, and on December 19, 1934, the cause was continued at the request of the attorney for said defendant. On April 15, 1935, on motion of the People, bond was forfeited, defendant held without bail and the cause reset for trial on April 22, 1935. On that date the record further recites that the defendant appeared in open court and, represented by Louis Orr, his attorney, asked to withdraw his plea of not guilty and for leave to plead guilty to murder as charged in the indictment; that the court then fully explained the consequences of a plea of guilty and the defendant persisted in the same; that after hearing testimony and on indication of extreme penalty, the court permitted the defendant to withdraw the plea of not guilty.

On April 24, 1935, the record shows that the defendant, in the custody of the sheriff and represented by his attorney, again appeared in open court and that, by agreement of all parties, defendant entered a plea of guilty to the indictment, and the court upon the testimony presented found the defendant guilty of murder and sentenced him to the Illinois penitentiary for the term of his natural life, and as a part of the judgment ordered that the defendant spend twenty-four hours in solitary confinement on the anniversary of the date of the murder.

The plaintiff in error has set forth three typewritten pages containing his assignment of errors, most of which would arise on a bill of exceptions, which, however, was not filed. He has also spent a large portion of his statement, brief and argument upon what he alleges the facts were in the case, but defendant cannot be permitted by the mere filing of a brief and argument to dispute matters of record certified to this court as being correct. (*People* v. *Fuhs*, 390 Ill. 67.) The cause being here on the common-law record, the extent of our inquiry is circumscribed by what the record contains. *People* v. *Conn,* 391 Ill. 190.

One of the principal complaints made by the defendant is that he did not have counsel to represent him and protect his rights, particularly at the time he received his sentence. He insists vigorously that on the day he was sentenced there was no counsel representing him present in the court room. He also contends that the counsel mentioned in the record was not of his own choosing and intimates that he was incompetent. There is nothing in the record before us to indicate that defendant was not satisfied with his counsel or that he was incompetent. The common-law record, which, under the repeated holdings of this court, imports verity, recites that both on April 22, 1935, when he withdrew his plea of not guilty, and two days later on April 24, when he pleaded guilty and sentence was imposed, the defendant was in court and represented by counsel. So far as the record discloses, plaintiff in error was represented at all stages of his trial. A determination of the question of whether an accused has been properly and competently represented by the counsel appointed to defend him can be made only from an examination of a bill of exceptions. *People* v. *Bertrand,* 385 Ill. 289.

He further contends that the court knew in advance that there had been an agreement made between himself and the State's Attorney that if defendant would withdraw his plea of not guilty and change it to one of guilty, the sentence and judgment against him would not be more than a maximum term of fourteen years. No basis for this alleged error is found in the common-law record, and this issue is not properly presented for review.

It is also claimed that the court did not explain to defendant about aggravation and mitigation, nor did the court examine witnesses as to the extent of punishment to be meted out in his case. The record shows that "Thereupon, the court fully explaining the consequences of such plea of guilty and said defendant persists in such plea, after hearing testimony, and on indication of extreme penalty

the court permits the defendant to withdraw his plea of not guilty." The record indicates that the court fully discharged its duty in this respect.

Finally, the defendant asserts that because of the alleged errors he was denied due process of law. All of the errors relied upon for reversal are statements of fact which are not before us because of the lack of a properly certified bill of exceptions.

No error appears upon the face of the record certified to this court which provides any basis for saying defendant was denied due process of law.

The judgment of the city court of East St. Louis is accordingly affirmed.     *Judgment affirmed.*