(No. 30184.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LESTER BARNARD, Plaintiff in Error.

*Opinion filed November 20, 1947.*

LESTER BARNARD, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, (WILLIAM T. HENDERSON, State's Attorney, JOHN W. UNGER, and FRANK J. MEYER, all of Danville, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

By this writ of error plaintiff in error, Lester Barnard, appearing *pro se,* seeks to reverse a judgment of the circuit court of Vermilion County entered on his plea of guilty of the crime of burglary and larceny and sentencing him to the reformatory for a term of one year to life. The cause is here on the common-law record.

It appears that plaintiff in error was committed to the Vermilion County jail January 29, 1930, under a warrant charging burglary and larceny. He was indicted on May 20, 1930, and tried and sentenced on June 13, 1930. He was not admitted to bail, and at no time does it appear that he or counsel for the People asked for a continuance. He was represented by counsel and when arraigned entered a plea of not guilty, which plea he later changed to one of guilty. Plaintiff in error now contends that he is entitled to discharge for want of prosecution within four months, under the provisions of section 18 of division XIII of the Criminal Code. Ill. Rev. Stat. 1945, chap. 38, par. 748.

The statute in effect at the time of plaintiff in error's arrest, indictment and subsequent conviction (Cahill's Ill. Rev. Stat. 1929, chap. 38, par. 771,) provided that "Any person committed for a criminal or supposed criminal offense, and not admitted to bail, and not tried at some

term of court having jurisdiction of the offense commencing within four months of the date of commitment  *  *  * shall be set at liberty by the court." This act required only that the accused be tried at a term of court commencing within four months of the commitment for the offense. (*People* v. *Pueschell,* 337 Ill. 84; *People* v. *Lindner,* 262 Ill. 223.) There is no contention that the term of court in which he was tried, and which court had jurisdiction of the offense, did not commence within four months of his commitment.

The present statute, (Ill. Rev. Stat. 1945, chap. 38, par. 748,) on which plaintiff in error apparently relies, as enlarged, effective January 1, 1934, provides that the prisoner be tried within four months of the alleged offense by a court having jurisdiction of the offense, with certain exceptions therein provided.

This court held in *People* v. *Economac,* 243 Ill. 107, and *People ex rel. Freeman* v. *Murphy,* 212 Ill. 584, that one indicted for an alleged offense who desires to claim the right to discharge for want of prosecution, under the statute, must make application to the court where the indictment is pending, and in case of unfavorable action preserve in the record, by bill of exceptions, the proceedings had upon such application, which then may be reviewed on writ of error. The record does not indicate that plaintiff in error proceeded in this manner, nor is there a bill of exceptions preserving the matter for review, and consequently the error alleged cannot be reviewed on the record before us.

Plaintiff in error's last contention is that counsel appointed by the court to defend him was incompetent and indifferent, because he failed to obtain a release for want of prosecution. As has been pointed out, plaintiff in error was not entitled to a release under the statute then in effect. There is nothing in the record to support the contention that counsel was incompetent, and in the absence of a bill

of exceptions detailing the alleged incompetency, the contention is without merit. *People* v. *Thompson, ante,* p. 114.

The judgment of the circuit court of Vermilion County is affirmed.

*Judgment affirmed.*