(No. 30305

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM BAKER, Plaintiff in Error.

*Opinion filed January 22, 1948.*

WILLIAM BAKER, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and OSCAR C. ZACHARY, State's Attorney, of Jacksonville, (WILLIAM L. FAY, of Jacksonville, of counsel,) for the People.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

This case comes before us on a writ of error to the circuit court of Morgan County. It is presented on the common-law record, there being no bill of exceptions filed. From that record it appears that on November 9, 1931, John Votsmeier filed a sworn complaint against plaintiff in error accusing him of burglary and larceny; that plaintiff in error was arrested on November 10, 1931; that on

November 18, 1931, there was a preliminary hearing before a justice of the peace, which hearing was continued to December 8, 1931, and plaintiff in error committed to the county jail; that at the hearing on December 8, 1931, plaintiff in error was bound over to await the action of the grand jury at the May term of the Morgan County circuit court; that his bail was fixed at $2500 and he was again committed to the county jail; that he was indicted by the grand jury on May 12, 1932, and held to bail in the sum of $1000; that on May 18, 1932, David G. Moyer was appointed as attorney to defend him and he was tried on June 2, 1932, and found guilty, whereupon judgment was entered on the verdict and he was sentenced to the penitentiary at Chester.

Errors assigned by the plaintiff in error are that he was arrested without a warrant on November 9, 1931; that evidence used at his trial was illegally procured without a search warrant; that the court failed to set a date for the hearing of the case against him; and that he was committed to the county jail more than four months prior to the date of his trial.

With regard to the first contention there appears in the record a warrant issued by C. O. Bayba, justice of the peace, for the arrest of plaintiff in error, which warrant is dated November 9, 1931, and recites that it was issued on the complaint of John Votsmeier, made on November 8, 1931. The return shows that the warrant was executed by arresting plaintiff in error and bringing him into court on November 10, 1931. There is nothing in the record which shows any illegality in the manner of his arrest, and in the absence of such a showing we cannot consider such a complaint on this review.

Similiar answers must be made to the other contentions advanced by plaintiff in error. The record before us, which neither shows what evidence was introduced at the trial or how that evidence was obtained, affords us no method of

judging the validity of these objections. In the absence of a bill of exceptions in which the evidence of the alleged errors is properly preserved and brought before us for review, we must presume that the trial court acted properly. (*People* v. *Johns,* 388 Ill. 212; *People* v. *Haiges,* 379 Ill. 532.) The same rule applies to plaintiff in error's final contention, that the trial court had no jurisdiction because more than four months had elapsed between his commitment and trial. In order to invoke the provisions of that statute, he must show by a bill of exceptions that the delay was not on his own application. (*People* v. *Lantz,* 387 Ill. 72; *People* v. *Economac,* 243 Ill. 107, 109; *People ex rel. Freeman* v. *Murphy,* 212 Ill. 584.) This he has failed to show.

The judgment of the trial court is affirmed.

*Judgment affirmed.*