(No. 31303.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LUHEMITT WHITE, Plaintiff in Error.

*Opinion filed January 18, 1950.*

LUHEMITT WHITE, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and RICHARD T. CARTER, State's Attorney, of Belleville, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, (defendant) Luhemitt White, was indicted for the crime of murder in the city court of East St. Louis. On January 24, 1934, his cause came before a jury; he was found guilty, and sentenced to ninety-nine years in the penitentiary. He prosecutes this writ of error, claiming that he was not tried within four months of his commitment to jail for said offense; that he had no counsel at the time he was arraigned; that the counsel appointed to defend him was incompetent; and that there were no women or Negroes upon the grand jury that indicted him, nor upon the petit jury that tried him. He has presented no bill of exceptions, and the case comes to this court upon the common-law record only.

The rule is well settled that where the errors assigned can arise only on a bill of exceptions, they cannot be considered on a review of the common-law record. (*People* v. *Grant,* 385 Ill. 61; *People* v. *Hill,* 388 Ill. 247.) This court has also held that where a prisoner, confined in jail on a charge of felony, claims the right to a discharge for want of prosecution, he must make his application to the court where the indictment is pending, and in case of unfavorable action by the court, preserve a record of the proceedings by a bill of exceptions, in order to have such action or ruling by the court reviewed on writ of error. *People* v. *Hambleton,* 399 Ill. 388; *People* v. *Barnard,* 398 Ill. 358.

It is also settled law that, in order to invoke the provision of the statute requiring the trial of the accused within four months of his confinement, he must show by

bill of exceptions that the delay was not on his own application, and in the absence of a bill of exceptions the jurisdiction of the trial court, because of delay in trying a prisoner at a term of court within four months of his commitment, cannot be questioned. *People* v. *Baker,* 399 Ill. 142.

Upon the question as to whether or not the grand jury or petit jury included women or Negroes, we have held that where the question is raised on the common-law record only, and such common-law record fails to show whether or not the grand or petit jury included women or Negroes, or that the defendant made any objection to the grand jury or petit jury by a challenge to the array, or by motion to quash, the defendant is presumed and deemed to have waived any such alleged improper jury by which he was tried. *People* v. *Rhode,* 403 Ill. 41.

Finally, the contention of plaintiff in error that he was improperly and incompetently represented by counsel is based upon nothing further than the assignment of error appearing in his brief and abstract. We have many times held that the question of competency of counsel cannot be raised upon the common-law record only, without being preserved in some manner by a bill of exceptions. The record in this cause shows that. when the case came to trial the defendant was represented by two attorneys, and the record fails to show whether they were employed by the defendant or whether they were appointed by the court. In any event, the record shows that his plea of not guilty was entered; that he was represented by counsel at the trial; that he was tried before a jury and found guilty, and sentenced to the penitentiary.

None of the errors assigned in this cause have any substantial basis in the record presented to us. The judgment of the city court of East St. Louis is accordingly affirmed.

*Judgment affirmed.*