(No. 31729.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *v.* ROBERT C. FARLEY, Plaintiff in Error.

*Opinion filed January 18, 1951.*

George M. Crane, of Chicago, for plaintiff in error.

Ivan A. Elliott, Attorney General, of Springfield, and John S. Boyle, State's Attorney, of Chicago, (John T. Gallagher, Rudolph L. Janega, and Arthur F. Manning, all of Chicago, of counsel,) for the People.

Mr. Justice Fulton delivered the opinion of the court:

Plaintiff in error, Robert C. Farley, was indicted in the criminal court of Cook County, November 3, 1947, for the larceny of an automobile. After a series of continuances, he was tried before a jury in November, 1948, and found guilty. He was sentenced by the court to the Illinois State Penitentiary for a term of not less than five nor more than twenty years. He has sued a writ of error out of this court, assigning the failure of the court to discharge him for want of prosecution under the provisions of section 18 of division XIII of the Criminal Code, (Ill. Rev. Stat. 1949, chap. 38, par. 748,) and because he was not granted a speedy trial, by reason of which he was deprived of his rights to due process of law, in violation of the constitutions of the State of Illinois and of the United States. He presents the common-law record only, and no bill of exceptions has been filed.

The criminal court acquired jurisdiction of both the subject matter and the person through the return of the indictment into open court and retained that jurisdiction unless it was lost through the failure of the court to comply with the statute and the laws of the State of Illinois. The defendant was at all times represented by counsel of his own choice.

From the common-law record it is shown that on December 1, 1947, by agreement of both parties, the cause was continued to January 8, 1948. Again on January 8, 1948, the cause was continued on motion of the defendant to March 29, 1948. Upon that date the court, on motion

of the defendant, continued the case to April 21, 1948. On that date the case was continued, on motion of the People to May 24, 1948. Again, on motion of the People, another continuance was allowed to June 24, 1948. Another motion of the State was granted on June 24 and the case continued to July 20, 1948. A similar continuance was allowed on that date, on motion of the People, to August 20, 1948. On August 20 the State's Attorney filed a sworn petition asking for a sixty-day delay for the purpose of locating and producing the testimony of witnesses temporarily out of the jurisdiction of the court. This petition was granted by the court and the case continued to October 18, 1948. On April 21, 1948, May 24, 1948, June 24, 1948, and July 20, 1948, the defendant filed written demands for trial, and on August 20, 1948, filed a written motion for discharge, which was denied.

On October 18, upon the order of the court, seemingly without any objection, the case was held on call until November 12, 1948, at which time the case was tried before a jury, and the defendant found guilty. The record does not show any remonstrance or objection on the part of the defendant to proceeding to trial after his motion for discharge was denied on August 20, 1948. From the common-law record we are unable to say whether the failure to try the case was not due, in part at least, to defendant's own conduct. After arraignment and after the case was ready for trial, it was continued once by agreement and twice on motion of defendant. Here there was no bill of exceptions and the defendant could only be set at liberty in case the delay in bringing the case to trial did not happen with his participation. Objections and exceptions to the rulings of the court cannot properly be preserved by the judgment order of the court. When defendant filed his motion for discharge in the trial court, he should have preserved the proceedings upon such application by a bill of exceptions. *People* v. *Economac,* 243 Ill. 107.

We have repeatedly held that where a defendant desires to make application for discharge to the court where the indictment is pending, in case of unfavorable action, he must preserve in the record, by bill of exceptions, the proceedings had upon such application, which then may be reviewed on writ of error. *People* v. *Barnard,* 398 Ill. 358; *People* v. *Utterback,* 385 Ill. 239; *People* v. *Hambleton,* 399 Ill. 388.

The same rule applies as to his claim concerning the sufficiency of the petition filed by the People for a continuance on August 20, 1948.

For the reasons expressed, the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*