(No. 31881.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EUGENE SWEENEY, Plaintiff in Error.

*Opinion filed May 24, 1951.*

224

EUGENE SWEENEY, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and CHARLES W. DENHAM, State's Attorney, of Marion, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

By this writ of error plaintiff in error, Eugene Sweeney, appearing *pro se,* seeks to reverse a judgment of the circuit court of Williamson County entered on his plea of guilty of the crime of armed robbery and sentencing him to the penitentiary for a term of one year to life. The cause is here on the common-law record.

From the record it appears that plaintiff in error was indicted on February 20, 1936, for robbery with a gun, committed against one Harry Lannon on January 12, 1936. His bail was fixed at $1000; however, there is no showing that he furnished it or that he was given his release. Although neither the plaintiff in error nor counsel for the People made any request of record for continuance or delay, the cause was not heard until February 9, 1938, at which time plaintiff in error entered a plea of guilty and was sentenced as related above. He now contends that he is entitled to discharge for want of prosecution within four months under section 18 of division XIII of the Criminal Code. (Ill. Rev. Stat. 1935, chap. 38, par. 748.) Collaterally he contends that he was denied his constitutional right to a speedy trial.

There is no showing in the record that plaintiff in error invoked the statute and demanded his release in the trial court. We have repeatedly held that unless such a showing is made, and the proceedings upon such application properly preserved by bill of exceptions, the record is insufficient upon which to present the question of delay in a defendant's trial. (*People* v. *Farley*, 408 Ill. 194; *People* v. *Barnard*, 398 Ill. 358; *People* v. *Utterback*, 385 Ill. 239; *People* v. *Hambleton*, 399 Ill. 388.) Further, the right to a speedy trial guaranteed by section 9 of article II of our constitution is a right personal to the accused, and which he may waive. (*People* v. *Utterback*, 385 Ill. 239.) A plea of guilty, such as plaintiff in error made in this case, operates as a waiver of any technical irregularities in prior proceedings and pleadings and, also, of his right to a discharge, pursuant to the applicable statute. (*People* v. *Lantz*, 387 Ill. 72.) The record here does not enable us to consider the assignments of error on the ground of delay.

Plaintiff in error further assigns as error that he was not represented by counsel when he entered his plea of guilty, and in his brief and argument has made various allegations *dehors* the record to prove that such was the case. Suffice it to say that the common-law record clearly shows that he was represented by counsel throughout the course of his arraignment and trial, both of which occurred on the same day. A defendant cannot be permitted by the mere filing of a brief and argument to dispute matters of record certified to this court as being correct. (*People* v. *Burnett*, 395 Ill. 179; *People* v. *Fuhs*, 390 Ill. 67.) The common-law record as certified by the clerk of the court and filed on writ of error imports verity and cannot be contradicted except by other matters of record. (*People* v. *Day*, 404 Ill. 268; *People* v. *Flannigan*, 398 Ill. 55.) The cause being here on the common-law record, the extent of our inquiry is circumscribed by what the record contains.

.It is finally urged that the cumulative effect of the alleged errors already considered was to deny plaintiff in error due process of law. As pointed out, the common-law record filed here affords no basis for such an assertion. Where the alleged errors are without basis in the common-law record, they are not open to consideration in the absence of a bill of exceptions. *People* v. *Baldridge,* 403 Ill. .606; *People* v. *Corrie,* 387 Ill. 587.

The judgment of the circuit court of Williamson County is affirmed.

*Judgment affirmed.*