(No. 32206.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALLAN STRINGER, Plaintiff in Error.

*Opinion filed March 20, 1952.*

ALLAN STRINGER, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and WILLIAM J. McGAH, JR., all of Chicago, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

Plaintiff in error, Allan Stringer, appearing *pro se,* seeks by writ of error to reverse a judgment and sentence against him entered in the criminal court of Cook County. He was indicted in two separate and distinct cases for the crime of armed robbery. The cause is submitted on the common-law record.

On the trial he was represented by counsel of his own choosing. He waived trial by jury and the cause was tried before the court. In each case he was convicted and sentenced to the Illinois State Penitentiary for a term of not less than three years nor more than twenty years, the last sentence to run consecutively to the first. A bill of exceptions bearing the numbers of both cases was approved and filed in the trial court but was not included in the record submitted here.

The errors assigned are:

(1) It was error for the trial court to overrule the motion of the plaintiff in error for the issuance of *subpoena duces tecum.*

This motion was made during the pendency of a motion to vacate judgment and sentence. The matters contained in the motion for a *subpoena duces tecum* were wholly unrelated to the hearing then before the court and were properly disregarded by the trial judge when he denied the motion to vacate the judgment and sentence.

(2) The denial of his petition to vacate the judgment and sentence and to grant a new trial.

(3) The attitude of the trial court towards the accused was prejudicial.

(5) The sworn affidavits of witnesses presented to rebut the testimony of the complainants constituted *prima facie* evidence in favor of defendant and raised a reasonable doubt as to the accused's guilt.

The common-law record affords no basis for the determination of the above three alleged errors in the absence of a bill of exceptions. *People* v. *Sweeney,* 409 Ill. 223.

(4) The sentence of three years to twenty years for robbery (armed) is erroneous since the statutory penalty for robbery is one year to twenty years.

There is no merit to this assignment of error. Section 246 of Division I of the Criminal Code (Ill. Rev. Stat. 1951, chap. 38, par. 501,) provides that every person found guilty of armed robbery shall be imprisoned in the penitentiary for any term of years not less than one year or for life. Section 3 of the Sentence and Parole Act (Ill. Rev. Stat. 1951, chap. 38, par. 80,) provides, "The minimum limit fixed by the court may be greater but shall not be less than the minimum term provided by law for the offense and the maximum limit fixed by the court may be less but shall not be greater than the maximum term provided by law therefor."

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*