(No. 33488.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LIONEL BRAME, Plaintiff in Error.

*Opinion filed September 23, 1955.*

LIONEL BRAME, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (FRED G. LEACH, GEORGE W. SCHWANER, JR., JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and WILLIAM L. CARLIN, of counsel,) for the People.

Mr. JUSTICE DAVIS delivered the opinion of the court:

Defendant, Lionel Brame, prosecuted this writ of error to the criminal court of Cook County, seeking to reverse the judgment of that court entered upon a jury verdict finding him guilty of the crime of burglary and sentencing him to the Illinois State Penitentiary for a term of ten to

fifteen years. Appearing *pro se,* he relies solely upon the common-law record, having filed no bill of exceptions.

First, the defendant contends that he was denied the right to a speedy public trial as guaranteed by section 9 of article II of the Illinois constitution and should have been discharged under section 18 of division XIII of the Criminal Code. (Ill. Rev. Stat. 1953, chap. 38, par. 748.) There is nothing in the record to show that this issue was ever raised in the trial court. Moreover, the record before this court fails to disclose that the defendant ever made application to the trial court for discharge for want of prosecution and consequently there is no record of any ruling adverse to him on this point. We have repeatedly held that unless such showing is made, and the proceedings upon such application are properly preserved by bill of exceptions, the record is insufficient upon which to present the question of delay in a defendant's trial. (*People* v. *Sweeney,* 409 Ill. 223; *People* v. *Farley,* 408 Ill. 194; *People* v. *Barnard,* 398 Ill. 358.) Furthermore, the right to a speedy trial guaranteed by section 9 of article II of our constitution is a right personal to the accused and may be waived by him. (*People* v. *Sweeney,* 409 Ill. 223; *People* v. *Utterback,* 385 Ill. 239.) From the record it appears that two continuances were granted at the request of defendant's counsel; that one continuance was granted pursuant to an express consent and agreement between the State's Attorney and his counsel; and that the defendant and his counsel were present when all continuances were granted and made no objection thereto. There is thus no suggestion in the record that there was an unreasonable delay in the trial against the wishes of the defendant.

Second, defendant assigns as error that he was not represented by counsel of his own choice and infers that his counsel was incompetent and did not properly represent him. In argument, *dehors* the record, the defendant alleges that the appointment of the public defender was thrust

414

upon him in such manner as to deprive him of his right to choose his own counsel and that he was not properly represented in this proceeding. However, there is nothing in the record upon which to predicate error in this regard. Cf. *People* v. *Curth*, 398 Ill. 322; *People* v. *Burnett*, 395 Ill. 179.

Judgment of the criminal court of Cook County is accordingly affirmed.           *Judgment affirmed.*