(No. 35960.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HENRY STAHL, Plaintiff in Error.

*Opinion filed November 30, 1962.*

SHELDON W. WITCOFF, of Chicago, appointed by the court for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and RUDOLPH L. JANEGA and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

After a jury trial in the criminal court of Cook County, the defendant, Henry Stahl, was convicted of the crime of assaulting his former wife, Etta Whaley, with intent to kill and was sentenced to the penitentiary for a term of not less than three nor more than eight years. He prosecutes this writ of error contending that he was entitled to discharge because he was not tried within four months of commitment, and that he was denied a fair trial by prejudicial remarks of the prosecutor during the closing argument.

Section 9 of article II of the Illinois constitution guarantees to an accused in criminal prosecutions the right to a speedy public trial and section 18 of division XIII of the Criminal Code, (Ill. Rev. Stat. 1959, chap. 38, par. 748,) which implements the constitutional guarantee, provides in substance that where a defendant has not been admitted to bail, he must be tried or discharged within four months from the date of his commitment, unless he caused the delay. However, it is now firmly established that the constitutional right to a speedy trial is personal to the accused and may be waived by a failure to raise the question of delay in the trial court. (*People* v. *Sweeney,* 409 Ill. 223 *People* v. *Utterback,* 385 Ill. 239.) Similarly, it is now beyond question

that in order to avail himself of the implementing statute, a defendant must make application for discharge prior to conviction. (*People* v. *Brame,* 6 Ill.2d 412; *People* v. *Morris,* 3 Ill.2d 437.) Unless such a showing is made, and the proceedings upon such application are properly preserved by a bill of exceptions, the record is insufficient upon which to present the question of delay in a defendant's trial. (*People* v. *Farley,* 408 Ill. 194; *People* v. *Barnard,* 398 Ill. 358.) The record here fails to disclose that defendant ever made application to the trial court for discharge for want of prosecution, or that the trial court was ever called upon to rule on the matter, with the consequence that the issue is not properly before us.

Furthermore, we note there was a delay in trial occasioned by defendant which would prevent his discharge. Defendant was arrested and committed on August 9, 1959, and although he was not tried until February 1, 1960, the record shows that upon defendant's application the cause was continued from November 5 to November 12, 1959, to permit him to obtain other counsel. Where a defendant requests or agrees to a continuance, it is well established that the four-months period starts again from the date to which the case is continued, (*People* v. *Hayes,* 23 Ill.2d 527; *People* v. *Niemoth,* 409 Ill. 111,) and the trial here was within the limits of the new four-months period.

Nor do we believe the prosecutor injected prejudicial error into the trial by his closing argument. While the statement that defendant "is a killer and will always be a killer" infringes upon the order of proper argument, (cf. *People* v. *Fort,* 14 Ill.2d 491,) we think the violation was mitigated somewhat by evidence in the record which shows that defendant had uttered prior threats to kill the complaining witness and her children, and that at the time of the assault for which he was tried he had beaten his former wife and slashed her about the face, throat, and head with the jagged edge of a broken bottle, requiring 45 stitches in her face

and confinement to the hospital for a lengthy period. Moreover, reversal is not warranted unless it appears that the improper remarks complained of influenced the jury in a manner that resulted in substantial prejudice to the accused. *(People* v. *Swets,* 24 Ill.2d 418; *People* v. *Berry,* 18 Ill.2d 453; *People* v. *Sleezer,* 9 Ill.2d 57.) Here there was overwhelming proof of guilt, indeed the sufficiency of the evidence is not challenged, and the jury returned the only verdict that could reasonably be returned. Further, we do not consider the sentence imposed as being unjust or severe when the vicious and depraved nature of defendant's attack is considered. The only other remarks complained about occurred when the prosecutor wandered into some ill-advised rhetoric comparing a criminal trial with a "game," but we find that any error was cured when the trial court sustained an objection to such line of argument.

Judgment of the criminal court of Cook County is accordingly affirmed.

*Judgment affirmed.*