THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALAN LAMBERT, Defendant-Appellant.

Third District   No. 77-196

Opinion filed May 31, 1978.

Robert Agostinelli and Frank Ralph, both of State Appellate Defender's Office, of Ottawa, for appellant.

William Henderson, State's Attorney, of Macomb (James E. Hinterlong, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by the defendant Alan Lambert from the circuit court of McDonough County which after trial by jury found him guilty of the offenses of burglary and theft and imposed a sentence of not less than 3 nor more than 9 years in the penitentiary on the burglary offense. The theft conviction was vacated.

During defendant's trial Marvin Farrell, age 16, testified that he went with the defendant and another individual, Joe Lathrop, to the Rural Equipment office in Macomb in the early morning hours of September 20, 1976. At the defendant's direction he (Farrell) broke a window in the building and stood watch while the defendant and Lathrop entered the building. When the defendant and Lathrop exited from the building they informed Farrell that they had only "got two rolls of pennies" and that he (Farrell) received no money or anything else from the defendant or Lathrop.

During the trial it was established that Farrell had quit school, was unemployed, and had a juvenile record for truancy and forgery and was on probation at the time of the trial. It was further established that he was testifying after being granted immunity from prosecution for his

participation in the alleged crime. Farrell further admitted that he had committed perjury when he testified against the defendant at a preliminary hearing. The perjured testimony concerned Farrell's arrest record.

The only other witness called by the State was Ralph Hemp, operator of the Rural Equipment Company. The testimony of this witness was that upon arriving at his office on the morning of September 20, 1976, he saw broken windows and thereafter determined that there was missing $5.52 from a drawer, $88.96 contained in a cash bag, two rolls of pennies, and about $10.00 worth of stamps. He further testified that a check writing machine, a tool box, and file cabinet had been tampered with and that papers were scattered about the office.

A defendant's motion for directed verdict at the conclusion of the State's case was denied and the defendant presented no evidence. In the rebuttal argument to the jury the prosecutor stated:

> "The fact is that that young man confessed to that crime and implicated this defendant in it long before he ever talked to me and was granted immunity."

The trial court sustained a defense motion to these remarks of the prosecutor and instructed the jury to disregard them.

The first issue presented for determination is whether the State failed to prove the defendant guilty of burglary beyond a reasonable doubt because his conviction was the result of the testimony of an accomplice whose testimony was impeached by establishing the fact that the accomplice had given perjured testimony when he testified against the defendant at a preliminary hearing.

■■ The uncorroborated testimony of an accomplice witness is not per se insufficient to establish the guilt of an accused. Such testimony even where subject to infirmities such as promises of leniency may be sufficient. The test is that the trier of fact must be satisfied beyond a reasonable doubt that the accomplice's testimony is true, and, once established that decision will not be reversed unless the quantum of proof is lacking. *People v. Franz* (1977), 54 Ill. App. 3d 550, 368 N.E.2d 1091; *People v. Farnsley* (1973), 53 Ill. 2d 537, 293 N.E.2d 600.

■■ The defendant argues that the testimony of the accomplice was impeached because he misstated his prior arrest record at a preliminary hearing. Such an infirmity goes to the question as to the weight of the evidence, the credibility of the witness, and is a matter peculiarly within the province of the court or jury. (*People v. Ross* (1968), 41 Ill. 2d 445, 244 N.E. 608.) In *Ross* the accomplice witness was an admitted perjurer, however, our supreme court while recognizing that testimony from such a witness is not of the most satisfactory character nevertheless refused to disturb the conviction of the defendant, since the determination of the

credibility of such testimony is within the province of the court or jury. (*People v. Ross* (1968), 41 Ill. 2d 445, 244 N.E.2d 608, 616.) The testimony of an accomplice which is subject to an infirmity such as a promise of leniency may be sufficient to prove a defendant guilty beyond a reasonable doubt. *People v. Farnsley* (1973), 53 Ill. 2d 537, 293 N.E.2d 600.

The defendant cites several cases to support his contention that he was not proved guilty beyond a reasonable doubt because the character of the testimony was unsatisfactory in that it was provided by an accomplice. All of the cases cited by the defendant are distinguishable from the instant case. In *People v. Hermens* (1955), 5 Ill. 2d 277, 125 N.E.2d 500, and *People v. Marshall* (1975), 26 Ill. App. 3d 905, 326 N.E.2d 246, we have situations where in each case two alleged accomplices of the defendant testified. One testified that the defendant had participated in the crime and the other flatly contradicted this testimony by stating that the defendant had not participated in the crime. In *People v. Price* (1974), 21 Ill. App. 3d 665, 316 N.E.2d 289, the reviewing court characterized the testimony of two accomplices as unbelievable and there was testimony from other witnesses that contradicted that of the accomplices. In *People v. Williams* (1976), 65 Ill. 2d 258, 357 N.E.2d 525, the testimony of a primary witness for the State was characterized by the reviewing court as a fabrication and not merely a loss of memory. The reviewing court further noted that the inconsistencies in the witness's testimony were so numerous and blatant that it was simply unreasonable to attribute them solely to a loss of memory. In *People v. Mostafa* (1971), 5 Ill. App. 3d 158, 274 N.E.2d 846, the reviewing court noted that the testimony of two accomplice witnesses contradicted each other and were materially and directly contradicted by other facts in the record.

■■ In the instant case we can only conclude that the testimony of the accomplice satisfied the jury that the defendant was guilty beyond a reasonable doubt and we will not disturb a conviction on review unless it is plainly apparent that such degree of proof is lacking. We find no such lack of proof here.

The defendant further asserts that the prosecutor in his rebuttal argument improperly revealed the existence and contents of an accomplice's confession which had not been introduced into evidence and the defendant was thereby deprived of his right to a fair trial.

■■ We do not condone the remarks of the prosecutor which he made in his rebuttal argument to the jury. We in fact consider them improper; however, there can be no question as to the rule that improper remarks do not constitute reversible error unless they result in substantial prejudice to the defendant. (*People v. Nilsson* (1970), 44 Ill. 2d 244, 255 N.E.2d 432; *People v. Stahl* (1962), 26 Ill. 2d 403, 186 N.E.2d 349; *People v. Berry* (1960), 18 Ill. 2d 453, 165 N.E.2d 257.) In the instant case we do not

consider the remarks of the prosecutor to be such as to have inflicted substantial prejudice on the defendant. The State presented two witnesses. One witness established that a breaking and entering of a business office had occurred with the resultant theft of money. The other witness, being an accomplice of the defendant, provided testimony which established the elements of the offense of burglary, all of which were committed by the defendant. The defense presented no evidence. The jurors heard ample testimony to convict the defendant without attributing their verdict to any influential effect the prosecutor's remarks may have had. The prosecutor in his closing argument made remarks which in effect disclosed that the accomplice Farrell had confessed and in that confession he implicated the defendant. The jurors already knew that the accomplice participated in the alleged offense and that he had been granted immunity from prosecution. Being already possessed of this knowledge we cannot comprehend how the prosecutor's remarks further enlightened the jury to the prejudice of the defendant. While the remarks may well have been improper we cannot reach the conclusion that they had such an impact as to deny the defendant his right to a fair trial.

Lastly the defendant asserts that the trial court erred in denying him a new trial since an uncontradicted affidavit of an attorney established that one of the jurors voted for a conviction because the defendant failed to testify in his own behalf and that further the jury considered matters not in evidence in arriving at its verdict.

Subsequent to the jury's verdict Mark Williams, an attorney licensed in the State of Iowa and a professor at Western Illinois University at Macomb, filed an affidavit in which he averred that Wilma Warner, one of the jurors in the defendant's trial, had told him that since the defendant had failed to testify she voted to convict him. The affiant further averred that matters not in evidence were considered by the jury in arriving at their verdict.

As to the averment that matters not in evidence were considered by the jury, we find this averment lacking in specificity. There is no information in the affidavit which identifies the information which the jury allegedly considered and which was not evidence. As a result of the affidavit failing to specifically set forth such extraneous matters we do not have sufficient information to consider this alleged impropriety.

■■ We do not agree with the defendant's contention that he should be granted a new trial because a third-party affidavit averred that one juror voted to convict him because he did not testify. The law governing the contention of the defendant has recently been set forth by our supreme court in the case of *People v. Holmes* (1978), 69 Ill. 2d 507, 372 N.E.2d 656. In *Holmes* our supreme court examined the area of a juror impeaching a verdict and divided the subject into two categories, to-wit,

(1) those factors affecting the mental processes of each juror, and (2) conditions or events brought to the attention of jurors without any attempt to show its effect on the jurors' deliberations or mental processes. In the instant case we have a situation which falls within the first category and our supreme court in *Holmes* determined that where it is attempted to prove by a juror's testimony or affidavit the method, motive or process by which a jury reached its verdict then such testimony or affidavit is inadmissible. In the instant case we do not have a situation where a juror attempts to impeach a jury's verdict since the affidavit executed and filed was the action of a third party or a stranger to the defendant's trial. It may well be true that the affidavit was uncontradicted but it nevertheless has little if any import, since it relates to the mental processes of a juror. The case of *Holmes* clearly holds that efforts to impeach a verdict on such grounds must fail. The trial court correctly refused to grant the defendant a new trial based on an affidavit of a third party which related to the mental process of one juror when reaching a verdict.

For the reasons set forth the judgment of the circuit court of McDonough County finding the defendant guilty of the offense of burglary and the sentence imposed thereon is affirmed.

Affirmed.

ALLOY, P. J., and STENGEL, J., concur.