THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RAIF E. WASHINGTON, Defendant-Appellant.

First District (4th Division)    No. 80-1240

Opinion filed October 22, 1981.

Leonard L. Cavise, of IIT/Chicago-Kent College of Law, Legal Services Center, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Casimir J. Bartnik, and John D. Cecilian, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Defendant, Raif E. Washington, was charged with unlawful use of a weapon within 5 years of his release from prison for a felony offense (Ill. Rev. Stat. 1977, ch. 38, par. 24—1(a)(4), (b)). After a jury trial, defendant was found guilty and sentenced to 3½ years in the Department of Corrections. The defendant raises the following issues for review: (1) whether the trial court erred in denying a motion to suppress evidence obtained after search of an automobile in which he was a passenger; (2) whether the trial court erred in denying the proposed jury instruction limiting the effect of his prior conviction; and (3) whether the prosecutor's statement in closing argument that the jury must choose between defendant's and the police officers' stories was prejudicial error.

On the morning of November 14, 1979, Chicago police officers Wayne Rajaniemi and Mark Andrus, who were on duty in a marked squad car, observed an automobile with no front license plate turning left onto North Avenue from northbound Wells. The officers followed the automobile for two blocks, then turned on the police car's blue lights and honked for the automobile to stop. When it finally stopped, the automobile had traveled four blocks from where the police first saw it.

While following the car, the police saw two people in it. Defendant Washington was a passenger, seated next to the driver. After the blue

lights were turned on, neither Washington nor the driver attempted to evade the police, but Washington turned to look at the police and then turned back. Then he dipped his shoulder as though he were putting something on the floor. Testimony at trial established that defendant turned back four times and leaned downward three times. At trial, Washington stated that he was turning the station on a radio which was on the floor of the car. The police also noticed that the rear trunk lock had been removed, appearing as though it had been punched out.

After the car had stopped, the policemen approached it, Rajaniemi with his gun drawn and Andrus with his hand on his gun. After the driver exited the car, Officer Andrus asked the driver for his license and patted him down at the rear of the car. Officer Rajaniemi asked Washington to get out of the car. After defendant got out on the driver's side, Andrus searched him at the rear of the car. Then, entering the car through the driver's side, Rajaniemi found a loaded .32-caliber revolver under the seat where Washington had been sitting. After the police read to him his rights, Washington stated that the gun was his, that he was carrying it because he had been robbed recently, and that he had the gun to protect himself. At trial, Washington denied making the statements and denied that he knew a gun was in the car. Testimony at trial established that the gun was unregistered and that no fingerprints were lifted from the gun.

■■ Defendant contends the police officer's search of the automobile went beyond the scope of *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868, and, therefore, the fruits of the search, the gun and defendant's oral statements, should be suppressed. Under *Terry*, a search for weapons in the absence of probable cause must be strictly circumscribed by the exigencies which justify its initiation and must be limited to that which might be used to harm the officer or others nearby. (*Terry*, 392 U.S. 1, 25-26, 20 L. Ed. 2d 889, 908-09, 88 S. Ct. 1868, 1882-83.) The search must be restricted to the area within defendant's immediate control. (*Terry*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868.) Washington argues that the area under his control would not include the area searched by the policeman because that area was removed from defendant by distance, an inoperable door on the passenger's side, and the full length of the automobile seat.

The issue of whether a *Terry* stop and frisk may be extended to a limited search of the vehicle in which the suspect was riding was addressed in *United States v. Rainone* (7th Cir. 1978), 586 F.2d 1132. In *Rainone*, police observed defendants in a car with headlights extinguished which was proceeding slowly through a parking lot next to a pizza parlor. It was 3 a.m., the pizza parlor was closed, and the parking lot was dark. The police approached the car and asked defendants for identification and an explanation for their presence. They ordered defendants out of the

car and patted them down but found nothing. Then, leaving Rainone at the back fender of the car, a policeman searched the car, glancing at the front seat, the back seat and the floor. Seeing nothing, the officer placed his hand under the front seat and felt an object that he thought was a nightstick. Upon removing the object, he discovered it was dynamite and a detonation device. Defendants were charged with possession of a destructive device and conspiracy to destroy the pizza parlor. Defendants moved to suppress the evidence of dynamite possession.

The court of appeals held that where the suspect is driving an automobile, a pat-down of the outer clothing may not be sufficient to assure the safety of the policeman. In such cases, there is the real possibility that a weapon may have been secreted in a part of the automobile readily accessible to the suspect. This is true even where the suspect has been removed from the car. However, the rationale of the search of the automobile is limited to what is minimally necessary to uncover weapons to which the suspect will have easy access. The court found that the search in *Rainone* was restricted to permissible limits because the officer looked inside the car and placed his hand under the front seat. He removed the object from under the seat only after determining that it felt like a weapon such as a night stick. *Rainone*, at 1134-35.

■■ Defendant contends that while the search of his person was within the scope of *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868, the search of the automobile was not. This court holds that the search of the automobile was permissible under *Terry*. The search was in keeping with facts known to the police. The defendant had turned around four times and had dipped down, lingering in that position as if he were hiding something. The policeman could reasonably suspect that the object hidden would be incriminating. He was fearful for his safety since he approached the auto with gun drawn. The officer limited his search to the area underneath the car seat on the passenger side where he had seen defendant dip down. Since the search was permissible under *Terry*, the trial court properly denied the motion to suppress.

Defendant's second contention is that it was error for the trial court to deny the jury instruction limiting the use of the prior conviction. Defendant tendered the following jury instruction:

> "Evidence of the defendant's previous conviction of a crime is to be considered by you only insofar as it may affect his credibility as a witness, and must not be considered by you as evidence of his guilt of the crime with which he is charged."

Defendant argues that the jury should be informed that proof of a former felony conviction is not evidence of guilt of the current charge although it is an element of the offense.

■■ Use of the proposed instruction would have confused and misled the

jury. Defendant was charged with unlawful use of a weapon within 5 years of his release from prison for a felony offense. The prosecution must allege and prove a prior conviction in order to establish the commission of that crime. (*People v. Edwards* (1976), 63 Ill. 2d 134, 345 N.E.2d 496.) If the jury had followed this instruction, it could not have found defendant guilty of the crime charged because the material element of a prior conviction could not have been considered as substantive evidence. Therefore, we hold that denial of the jury instruction was proper.

Defendant's final contention is that the prosecutor's statement in closing that the jury must choose between Washington's and the police officers' stories was prejudicial error. The prosecutor stated:

"So, what it really boils down to, ladies and gentlemen, is the fact that either the defendant or the police officers are telling this jury the truth and you have got to decide which one, which one is telling the jury the truth as to what he was doing."

Defendant argues that the prosecutor's statement was a distortion of the principle of guilt beyond a reasonable doubt which was not cured by the reasonable doubt instruction.

■■ We hold that the prosecutor's statement was not prejudicial error. The prosecutor is permitted great latitude in closing argument (*People v. Dominique* (1980), 86 Ill. App. 3d 794, 806, 408 N.E.2d 280, 290), and may comment on the credibility of the defendant. (*People v. Stufflebean* (1974), 24 Ill. App. 3d 1065, 322 N.E.2d 488.) The prosecutor may ask a jury to compare the defendant's story with that of other witnesses to decide what actually happened.

■■ Furthermore, defendant did not object to the prosecutor's statement at trial. When a defendant fails to make a timely objection, irregularities in the closing argument are waived. (*People v. Carlson* (1980), 79 Ill. 2d 564, 404 N.E.2d 233.) Before plain error can be used to circumvent this general waiver rule, it must be plainly apparent from the record that an error affecting substantial rights was committed. (*People v. Jackson* (1981), 84 Ill. 2d 350, 359, 418 N.E.2d 739, 743.) In this case, the evidence favors defendant's guilt. The police found the gun under the car seat where defendant was sitting, and, although defendant denied it at trial, the police officers testified that defendant had admitted the gun belonged to him. Since the evidence is not close, the plain-error rule is not applicable.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

LINN and JIGANTI, JJ., concur.