(No. 29824.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE VAN HORN, Plaintiff in Error.

*Opinion filed March 19, 1947.*

GEORGE VAN HORN, *pro se.*

GEORGE F. BARRETT, Attorney General, and RALPH G. MEYER, State's Attorney, of Flora, for the People.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, George Van Horn, was convicted in the circuit court of Clay county on September 19, 1938, on his pleas of guilty to two indictments, each charging burglary of railroad freight cars. On each indictment he was sentenced to the penitentiary, as provided by law, for not less than one year and until discharged by due process of law, which may extend to the life of the defendant. The sentences were ordered to run concurrently.

The record contains the written consent of defendant to be tried without a jury, and to enter a plea of guilty. It also discloses the defendant was admonished by the court as to the effect of a plea of guilty but persisted in pleading guilty to the crime of burglary, as charged in the indictments, and the pleas of guilty were by the court accepted and entered of record, and the defendant sentenced to the penitentiary, as stated above.

The only assignments of plaintiff in error are that the court failed to appoint counsel to defend him after he had first informed the court that his plea was not guilty, and he wanted a jury trial; that he was not furnished with a copy of the indictment against him; and that he was coerced and compelled to enter a plea of guilty. Only the common-law record is filed in this case. There is no bill of exceptions.

The pleas of guilty and sentences occurred on September 19, 1938. The arraignment of the plaintiff in error

took place on September 12, 1938. At that time the record discloses he desired to plead not guilty, and "wants a trial and a lawyer." There is nothing in the record to disclose that he asked the court to appoint a lawyer, or that he stated to the court under oath that he was unable to procure a lawyer. For all that appears he may have desired to procure his own lawyer. A week later he pleaded guilty. Where there is nothing in the record to indicate that defendant did anything to bring himself within the provisions of the statute, (Ill. Rev. Stat. 1943, chap. 38, par. 730,) it will be presumed that the court discharged its duty to the defendant in all respects. (*People* v. *Corbett*, 387 Ill. 41.) The court is required to furnish counsel for a defendant only when he states upon oath that he is unable to procure counsel. *People* v. *Parcora*, 358 Ill. 448.

The record is silent as to whether plaintiff in error at the time of his arraignment was furnished with a copy of the indictments, but we have held that this provision of the statute is directory, and before an accused can assign error on this ground the record must show he demanded a copy of the indictment and was refused. *People* v. *Watt*, 380 Ill. 610; *People* v. *O'Hara*, 332 Ill. 436.

The remaining claim of plaintiff in error is that he was coerced into entering pleas of guilty. There is no justification for such a statement. There is no bill of exceptions, and nothing of the kind appears in the record. Where nothing appears in the record and there is no bill of exceptions disclosing facts of this character, the court's duty to a defendant is presumed fully discharged when it receives his plea of guilty and admonishes the prisoner as to the effect of his plea. *People* v. *Pond*, 390 Ill. 237.

There being no error disclosed in the record, the judgments of the circuit court of Clay county are affirmed.

*Judgments affirmed.*