(No. 30230.—■■■■■■■■)

The People of the State of Illinois, Defendant in Error, *vs.* Morgan Easter, Plaintiff in Error.

*Opinion filed November 20, 1947.*

Morgan Easter, *pro se.*

George F. Barrett, Attorney General, of Springfield, (J. Max Mitchell, State's Attorney, of Benton, of counsel,) ·for the People.

Mr. Justice Gunn delivered the opinion of the court:

At the November term, 1939, of the circuit court of Franklin County, plaintiff in error, Morgan Easter, was indicted for the crime of armed robbery. He pleaded guilty and was sentenced to the penitentiary, in accordance with the statute, for a term of one year to life. He now prosecutes a writ of error to this court.

The writ of error is submitted on what purports to be the common-law record. The errors assigned are: That he was denied due process of law and equal protection of the laws; that the record does not disclose plaintiff in error was represented by counsel, but appeared in his own per-

son, and that the sentence was erroneous inasmuch as plaintiff in error was not represented by counsel, and at his trial was denied constitutional rights, which include those above mentioned. No bill of exceptions accompanies the record.

The points raised in this case, presented in the same manner on the common-law record only, have been before us many times. When no bill of exceptions is filed the only questions which this court can consider on writ of error are those appearing in the common-law record. (*People* v. *Carter,* 391 Ill. 594; *People* v. *Fuhs,* 390 Ill. 67; *People* v. *Corrie,* 387 Ill. 587.) And defendant cannot complain of the failure of the court to appoint counsel for him where the common-law record fails to show he asserted his right to have an attorney appointed to represent him. (*People* v. *Stack,* 391 Ill. 15; *People* v. *Stubblefield,* 391 Ill. 609.) It is well settled that there is no duty imposed upon the court to appoint counsel for an accused unless he states upon his oath his inability to procure legal assistance. (*People* v. *Bute,* 396 Ill. 588; *People* v. *Van Horn,* 396 Ill. 496, and many other cases recently decided in this court.) The application of these principles does not operate to deny due process. *Foster* v. *People of the State of Illinois,* 329 U. S. 712, 91 L. ed. 1542.

We have specifically held that a failure of the record to show that counsel was appointed to defend persons charged with crime does not constitute denial of due process of law. The record in this case shows that the plaintiff in error was arraigned in open court, was furnished with a copy of the indictment and a list of the jurors by whom he would be tried, and upon such arraignment pleaded guilty to the crime of armed robbery and waived in writing a trial by jury. The record further discloses that the court admonished the plaintiff in error as to the effect of his plea, but he persisted in his plea of guilty, and thereupon was sentenced by the court for the commission of the

432

crime of armed robbery. The record also shows the age of the plaintiff in error to be twenty-seven years. All of the requirements of the statute with regard to arraignment and plea appear to have been complied with in this record.

The plaintiff in error argues he was threatened by the State's Attorney, and that the witnesses against him were all policemen, and would do him bodily harm if he did not plead guilty; that he was threatened and awed by the court, and did not know of his right to have an attorney to represent him, and because of these things was deprived of his constitutional right. None of these matters appear in a bill of exceptions; they are only the arguments of plaintiff in error long after the proceeding in the circuit court. If they were entitled to the dignity of being considered, there is still no claim he is not guilty of the crime charged. The plaintiff in error does not present any valid reason upon the record submitted justifying a reversal, and the other matters alleged in his argument cannot be considered for the reason they were either not before the trial court, or, if so, were not preserved in the manner required for our consideration.

The judgment of the Circuit court of Franklin County is affirmed.

*Judgment affirmed.*