(No. 30359.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CLARENCE HAMBLETON, Plaintiff in Error.

*Opinion filed March 18, 1948.*

CLARENCE HAMBLETON, *pro se.*

GEORGE F. BARRETT, Attorney General, and JOHN W. CURREN, State's Attorney, (H. KEITH DRESSENDORFER, of counsel,) all of Springfield, for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Clarence Hambleton, hereinafter called the defendant, was indicted in the circuit court of Sangamon County at the May Term, 1945, for the crimes of burglary and larceny in two separate cases numbered 88959 and 88961. Appearing *pro se,* defendant brings this case here on the common-law record. September 12, 1945, defendant was arraigned and, by agreement, the cases were consolidated for trial. Counsel was appointed and the cause was tried before a jury which resulted in defendant's conviction. September 15, 1945, defendant was sentenced to imprisonment in the penitentiary from one year to life in each case, the court fixing the minimum term at twenty years and the maximum term at thirty, and providing that sentences should run consecutively and not concurrently.

Defendant contends that he was arrested in the city of Springfield on March 19, 1945, suspected of having burglarized and taken property from two Springfield business

establishments; that he was placed in jail on the same day, and, after waiving preliminary hearing, was bound over to await the action of the grand jury; that on June 8, 1945, he was removed from the Sangamon County jail and taken to the Illinois State Penitentiary at Menard, from which institution he was a parolee; that he was indicted on June 27 of the same year in two separate and distinct indictments charging him with burglary and larceny, the indictments being filed to the May term, 1945, and designated as Nos. 88959 and 88961, respectively; that on the same date as the return of the indictments, a bench warrant was issued and placed in the hands of the sheriff; that on September 12, 1945, the aforesaid bench warrant was executed and the defendant was removed from the Illinois State Penitentiary at Menard and taken the same day to the circuit court room in the city of Springfield and placed on trial; that he was given only a few minutes to confer with appointed counsel and was unable to prepare for trial; that both cases were consolidated, a jury called and the cause proceeded to trial; that evidence was immediately heard, which was concluded on the following day, and the jury returned a verdict of guilty in manner and form as charged in the indictment in the two cases.

Defendant has urged numerous contentions most of which would arise on a bill of exceptions, which was not filed in this case. Defendant first urges that he should have been discharged upon his motion for dismissal for want of prosecution by virtue of the four-months' rule. (Ill. Rev. Stat. 1945, chap. 38, par. 748.) The common-law record presented to this court for consideration shows upon its face that defendant was indicted at the May term, 1945, that the indictment was filed June 27, 1945, and that the trial was commenced on September 12, 1945. Defendant contends that he was arrested on March 19, 1945, while the record as presented shows that the bench warrant was served on September 12, 1945. It is an estab-

lished rule that where there is nothing before the court except the common-law record, it must be taken as speaking the truth, as the record imports verity and cannot be contradicted except by other matter of record. (*People* v. *Owens,* 397 Ill. 166.) There is nothing in the record that shows any application for discharge for want of prosecution having been made by defendant. Where one desires to claim the right to discharge for want of prosecution, under the statute, he must make application to the court where the indictment is pending, and in case of unfavorable action preserve in the record, by bill of exceptions, the proceedings had upon such application, which then may be reviewed on writ of error. (*People* v. *Barnard,* 398 Ill. 358.) The record in the instant case does not indicate that defendant proceeded in this manner, nor is there a bill of exceptions preserving the matter for review, and consequently the error alleged cannot be reviewed on the record before us.

Defendant urges that the court erred in denying his motion for change of venue. However, before consideration could be given to this motion, it must be preserved, together with the court's rulings, in the bill of exceptions. (*People* v. *Ellsworth,* 261 Ill. 275.) No bill of exceptions having been filed here, this contention cannot be considered. These matters appear in the argument of the defendant, from an affidavit presented herein by defendant's attorney, from the judge's minutes and from a copy of a motion for a new trial, but are not a part of the record and we are, therefore, unable to consider them. We have on many occasions announced the rule that where no bill of exceptions is filed, the only questions which can be considered on writ of error are those appearing in the common-law record. *People* v. *Easter,* 398 Ill. 430.

The most serious question presented in this case is defendant's contention that he was denied due process of law in that he was not given sufficient time to prepare for

trial. Defendant has attached to the common-law record a copy of the judge's minutes, and while the judge's minutes are not a part of the record, nevertheless they fail to show any motion for a continuance. (*People* v. *Johnson*, 345 Ill. 352.) The minutes do indicate, however, that the judgment entered in this case was not extended in any manner to cover and disclose what occurred on the trial. Insofar as the judgment is concerned it is confined to the bare statement, without giving any date of the trial, that the jury having found the defendant, Clarence Hambleton, guilty of the crime of burglary and larceny, he is sentenced to the Illinois State Penitentiary for a period of one year to life, the court fixing the minimum term at twenty years and the maximum term at thirty.

The record discloses a bench warrant was issued in Springfield on June 27, 1945, but on this warrant defendant was not arrested until September 12, 1945. On this date he was brought before the judge of the circuit court of Sangamon County and immediately placed on trial on both charges. He insists he was not given sufficient time to confer with his attorney and to prepare for trial. From the facts as disclosed by the record the trial lasted two days, being for the two offenses which had been consolidated, which undoubtedly necessitated considerable testimony being taken and considerable procedure before the jury. This would strongly indicate, under the circumstances of his having been brought from the prison and immediately taken to the courtroom and placed on trial, that defendant was not given sufficient time in order that it could be said he had a fair trial contemplated by law.

A motion for a new trial, which we are unable to consider here, as it is not a part of the common-law record, discloses that defendant set out that he did not have sufficient time to prepare a proper defense. It does appear, however, from the judgment, which is a part of the common-law record, that such motion was overruled. An

affidavit was also filed, which cannot be considered, as it is not a part of the common-law record, in which the attorney appointed by the court makes oath that he never before participated in a criminal case, and that he was forced to trial without any preparation, and that a proper defense was entirely impossible; that he had seen the defendant less than one hour before he was brought into court for trial. This affidavit, of course, is not properly before the court and is not considered, but it is our judgment that sufficient facts are disclosed from the common-law record to show that defendant did not receive that fair and impartial trial to which he is entitled.

A defendant in every criminal case is entitled, under the law, to a reasonable time and full opportunity to prepare for his trial, and that right is one guaranteed to him by the constitution. The fact that defendant admits he was a parolee, and, after the alleged commission of the above crimes, was taken to the penitentiary and later brought by bench warrant to the court for trial, would not deny him the orderly fair administration of the law. Innocent or guilty, or whatever his position might be, he is entitled to sufficient time to prepare his defense. One of the first purposes of ordinary administration of the law is that a defendant, whether guilty or innocent, shall be accorded a fair trial. There is not one law for an innocent man and another for a guilty man. Any man, however guilty of the crime charged, is entitled to be convicted according to law. *People* v. *Hoffman, ante,* p. 57; *People* v. *Rongetti,* 331 Ill. 581.

Defendant urges that the judgment rendered in this cause designating that his sentence in No. 88961 should run consecutively and not concurrently with No. 88959 is without legal effect. He contends that it is impossible to determine from the judgment order in this case when the first sentence expires and the second begins, and that the phrase, "to run consecutively and not concurrently with

General No. 88959," has no legal meaning and therefore cannot be adjudicated as a consecutive sentence.

About all that we can determine as to the running of the sentences in this case is from what is set out at the bottom of the judgment in No. 88961. There, without further designation, it concludes, "sentence in this cause to run consecutively and not concurrently with General Number 88959." It is unnecessary, however, to pass on this question, as, under our views heretofore expressed, defendant is entitled to a new trial, and this contention will, no doubt, be obviated.

For the reasons herein given, the judgment of the circuit court is reversed and the cause remanded for a new trial.