(No. 34299.—

ILLINOIS PUBLIC AID COMMISSION, Appellant, *vs.* EMELIA BRAUER *et al.*, Appellees.

*Opinion filed May 23, 1957.*

LATHAM CASTLE, Attorney General, of Springfield, (MARK O. ROBERTS, MURRAY F. MILNE, and MADALYN MAXWELL, of counsel,) for appellant.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This appeal from the circuit court of Jo Daviess County involves the constitutionality of that part of section 5—6 of the Public Assistance Code (Ill. Rev. Stat. 1953, chap. 23, par. 440—6) which makes *prima facie* fraudulent the transfer of real estate by an old age assistance recipient when the consideration therefor "does not approximate the

The Illinois Public Aid Commission filed a complaint to set aside a deed by which defendant Emelia Brauer fair, cash market value" of the property.

conveyed real estate, said to be worth between $1000 and $1500, to defendants Robbie M. Schubert and Catherine E. Schubert for $500. It was alleged that defendant Brauer was an old age assistance recipient (having received $8444 up to that time,) that the conveyance was made to defeat the plaintiff's claim, and that the other defendants were aware of this when they accepted the deed.

The defendants moved to dismiss the complaint on the ground that said statute under which the plaintiff proceeded was unconstitutional. And the court upheld the defendants' contentions, finding that the statute "provides for taking of property without due process of law." The plaintiff appeals directly to this court, a constitutional question being involved.

Since the defendants have not filed a brief in this court, we must look to their trial court motions to ascertain what they believe to be the constitutional defects in this statute. In addition to a general claim of invalidity on the ground of alleged deprivation of property without due process of law, they contend (1) the words "approximate the fair, cash market value" are vague, inexact, incapable of legal definition as applied to a given situation, (2) the statute is special legislation violative of section 14 of article II and section 22 of article IV of the Illinois constitution, (3) no provision is made for returning a *bona fide* purchaser for value to the *status quo*, and (4) the statute is punitive and penal in nature and scope but lacks the safeguards required of such legislation.

In our opinion, the defendants' objections are not well taken. First, the terms "approximate" and "fair, cash market value" are not inadequate. Tax provisions commonly use such terms as "fair market value," "clear market value," or "fair cash value," and they have frequently been interpreted and upheld as proper standards of measurement. Cf. *Walker* v. *People,* 192 Ill. 106; *In re Estate of Graves,* 242 Ill. 212; *Tax Commission* v. *Clarke,* 20 Ohio. App. 166;

*Re Dupignac's Estate,* 123 Misc. 21, 204 N.Y. Supp. 273.

Second, this is not unconstitutional "special legislation." The touchstone for determining whether a statute is a general or special law is whether it operates uniformly throughout the State upon all persons and localities under like circumstances. *People ex rel. Curren* v. *Wood,* 391 Ill. 237.

By its terms, this statute is applicable to all recipients who transfer real property under the conditions set forth and to those who purchase from them. And it is not unreasonable for the General Assembly to differentiate between recipients who own property and those who do not. Such a classification is based upon a rational difference of situation or condition found to exist in the premises or the objects upon which the classification rests. Cf. *People ex rel. Davis* v. *Nellis,* 249 Ill. 12.

Third, the defendant purchasers do not claim to be *bona fide* purchasers for value. Indeed, by their motion they admit they were not. They also admit that the $500 consideration has been tendered to them. They are in no position to complain of this section on the ground that it fails to adequately spell out the status of *bona fide* purchasers and provide adequate safeguards for them.

Fourth, the statute neither prescribes, nor contemplates, a "penalty" within the accepted meaning of that word. (*Gunning* v. *People,* 86 Ill. App. 174; *Salzman* v. *Boeing,* 304 Ill. App. 405.) It merely sets up a rule of evidence as applied to an accepted and well established remedy, and the defendants may, without incurring any statutory "penalty," rebut the presumption which the legislature has made a part of the action. "(N)o one has any vested right in a rule of evidence either in a criminal or civil case, and there is no constitutional prohibition against the legislature changing it so long as it leaves to a party either in a criminal or civil case a fair opportunity to make his defense and to submit all the facts to the jury." *People* v. *Love,* 310 Ill. 558, 563.

We conclude that the statute is not subject to the constitutional objections urged. The decree is reversed, and the cause is remanded with directions to overrule the motion to dismiss and proceed in due course.

*Reversed and remanded, with directions.*