People of the State of Illinois, Plaintiff-Appellee, v.
Otis McNeil, Defendant-Appellant.

Gen. No. 51,799.

First District, First Division.

November 18, 1968.

Gerald W. Getty, Public Defender of Cook County, of
Chicago (Shelvin Singer and James J. Doherty, Assistant
Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of
Chicago (Elmer C. Kissane and Richard A. Rinella, As-
sistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the
opinion of the court.

The defendant, Otis McNeil, was charged in Indictment
No. 65–1006, with one count of burglary (Ill Rev Stats
1967, c 38, § 19–1) and one count of grand theft (Ill Rev
Stats 1967, c 38, § 16–1(a)) arising out of the burglary.
The cause was tried before a jury and resulted in a verdict
and judgment of guilty on both counts. The sentence of
the court was 15 to 25 years on the burglary count and 8

to 10 years on the grand theft count. The sentences were to run concurrently.

The defendant, on appeal, contends that the following errors occurred: (1) the defendant was denied the right of adequate representation and preparation for trial because his attorney was given one day's notice of the trial; (2) there was a total failure of proof of corpus delicti of both crimes charged; (3) there was a total failure of proof as to the value of the property stolen, and as a result the conviction for grand theft was unlawful; (4) mug photographs of the defendant were permitted into evidence and thus suggested to the jury that the defendant had prior arrests and convictions; (5) burglary was improperly defined by the prosecutor in that he stated to the jury that one can burglarize premises he was invited to; and (6) conviction and sentencing for two crimes arising out of the same transaction, act, or acts is improper.

We first consider whether the defendant was denied adequate time to prepare his defense. Our determination of this issue is decisive of this appeal.

The record reveals that the defendant had a number of pending indictments, 65–2524, 65–2523, 65–2479, 65–1007, and the indictment in the instant case, 65–1006. On January 11, 1966, the defendant and several codefendants in some of these indictments appeared before Judge Edward F. Healy. The prosecutor informed the court that the State had been ready for trial for a long time,[1] but that continuous substitution of attorneys prevented the cases from proceeding to trial. Judge Healy remarked that cases were on call day after day, but they were not being disposed of because defense attorneys would come before the court and say they were not ready to proceed. After admonishing the attorneys that the cases would be tried and that the attorneys had better be ready, Judge

[1] The indictment in the present appeal had been pending since April 1965.

Healy said that the trial would begin January 19, 1966, and that there would be no more continuances. The attorney for the defendant, Otis McNeil, then asked the prosecutor to make an election as to which indictment against his client the State would proceed with first. The record shows the following discussion took place:

The Court: I imagine they are going to try the case with all of the defendants in it.

The Prosecutor: We have already. We have already elected to proceed on 65–2523.

The Defense Council: In other words, that will be the case that we are going to go to trial on?

The Prosecutor: That is correct.

On January 19, 1966, the prosecutor announced that a jury trial was in progress; that the day before he had called off his witnesses, and that he was therefore not ready to go ahead with the trial. He then asked that the cause be continued to January 24th. The hearing before Judge Healy on January 19th ended after the prosecutor said "Just to summarize, the State would like to have the other cases without subpoenas, except for 65–2523."

The record shows that the matter came before the court again on March 21, 1966, but that it was continued to April 18th. On April 18, 1966, the prosecutor announced he was going ahead on indictment 65–2535, not 65–2523. After some discussion, the prosecutor explained that the State was ready to go to trial on indictment 65–2523, "but in view of the fact other matters have transpired as to the other defendants, the State is to take another position to the effect that the State will proceed on one of the other charges if your Honor will hold it on call." Judge Healy replied: "All right. Order of Court as to Otis McNeil alone, hold on call until Wednesday . . . ." The prosecutor stated that he would let the defense coun-

sel know that morning or later that afternoon which case the State would proceed with two days later.

On April 20, 1966, the prosecutor advised the court that he was ready to proceed on indictment 65–1006 (the indictment in the case at bar). When the defendant requested a continuance the court said, "You are on trial, we have been trying to get you on trial for a year and we are going to trial." The defendant replied that his "lawyer only had this case since Monday" two days before. The defendant protested that his attorney had no defense and repeatedly insisted that he wanted another lawyer. The matter proceeded to trial and the State presented its case. No evidence was offered on behalf of the defendant. The jury returned a verdict of guilty on both the charge of burglary and the charge of grand theft.

The defendant contends that his attorney was given only one full day to prepare for trial on indictment 65–1006. The State argues that the defendant entered into a course of conduct to evade trial and despite the fact that he had multiple indictments pending, the defendant's lawyers had adequate time to prepare defenses to all indictments. The State also maintains that the defendant had refused to cooperate with his prior attorneys and made no objection on April 18th to the matter being set for trial two days later. We find the State's argument unconvincing.

The record clearly shows that the State elected to proceed on indictment 65–2523 on January 11th. After several continuances the prosecutor announced on April 18, 1966, that the State was ready to go ahead on indictment 65–2523, but in view of matters involving other defendants he would proceed with one of the other indictments. Thus, it was not until April 18, two days before the trial, that the defendant's attorney first learned that the State was not going to trial on indictment 65–2523. It is unclear from the record when the State advised the defendant that they would proceed with the present indictment, but the record indicates that it was not until

260

the case was called for trial two days later, on April 20th, that the State announced it was proceeding with indictment 65–1006.

The State relies heavily on People v. Solomon, 24 Ill2d 586, 182 NE2d 736, to support its position. In Solomon, the Court held that the trial court did not abuse its discretion when it denied the defendant a continuance. The facts in Solomon showed that the cause was set for trial approximately two weeks before the date of the trial and that the defendant utterly refused to cooperate with the public defender appointed to defend him. The Court held that under those circumstances the defendant could not "now be heard to complain that the denial of the motion for continuance embarrassed his defense or prejudiced his rights." People v. Solomon, 24 Ill2d 586, 590, 182 NE2d 736. In the case at bar, however, the State elected to go ahead on one particular indictment. The State's decision was made more than three months before the trial on April 20th. On April 18, 1966, the prosecutor chose to proceed with a different indictment, giving the defendant at the most only one full day's notice. For this reason we do not consider Solomon to be applicable on the facts. This is also true of the other cases cited by the State.

The Illinois Supreme Court stated in People v. Hambleton, 399 Ill 388, 393, 78 NE2d 293:

> A defendant in every criminal case is entitled, under the law, to a reasonable time and full opportunity to prepare for his trial, and that right is one guaranteed to him by the constitution. Innocent or guilty, or whatever his position might be, he is entitled to sufficient time to prepare his defense. There is not one law for an innocent man and another for a guilty man.

We have concluded, for the foregoing reasons, that under the circumstances of this case, the defendant's motion for

a continuance should have been granted in order to give the defendant ample opportunity to prepare for trial.

The trial court committed prejudicial error in not granting a continuance which requires a new trial. Our disposition on this issue makes it unnecessary to consider other grounds raised by the defendant on this appeal. Other errors complained of undoubtedly will not recur.

For the reasons herein given, the judgment of the Criminal Division of the Circuit Court is reversed and remanded for a new trial.

Reversed and remanded.

ADESKO and MURPHY, JJ., concur.