## The People of the State of Illinois, Plaintiff-Appellee, v. Theodore V. Panker, Defendant-Appellant.

Gen. No. 69–188.

Second District.

March 11, 1970.

Glaeser, Burstein and Horsky, of Dundee, for appellant.

William R. Ketcham, State's Attorney of Kane County, of Geneva, and W. Ben Morgan, Assistant State's Attorney, of Elgin, for appellee.

MR. JUSTICE THOMAS J. MORAN delivered the opinion of the court.

The defendant, Theodore V. Panker, was charged with the crime of forgery, tried before a jury and found guilty. The trial court, after denying a new trial and probation, sentenced the defendant for a term of 1 to 4 years in the Illinois State Penitentiary.

On appeal, it is contended that the following errors occurred: (1) that defendant was denied due process of law in that (a) the court's denial of defendant's motion for a continuance had the effect of depriving him of the right to the effective assistance of counsel and (b) the court's denial of defendant's motion for a continuance was an abuse of discretion; (2) the prejudicial conduct of the trial court throughout every stage of the proceedings deprived the defendant of a completely fair and impartial trial; (3) the prejudicial conduct of the prosecutor deprived the defendant of a full, fair and impartial trial; and (4) the court erred in denying motion for mistrial when the word "innocent" was discovered on the inside of the jury box.

Our first consideration is whether the court's denial of defendant's motion for a continuance had the effect of depriving the defendant of his right to the effective assistance of counsel and was an abuse of judicial discretion.

The record discloses that the defendant, along with a codefendant, were charged with forgery in the same in-

204

dictment. On May 20, 1968, the defendant and his privately retained counsel appeared before the trial court for arraignment where the following transpired:

Mr. Vogel: "We are making a plea of not guilty at this time, your Honor."

The Court: "Asking for a Jury trial?"

Mr. Vogel: "Asking for a Jury trial. And it is my understanding that the codefendant is up on the 3rd and intends to present some motions.

"So at this time I would ask the Court to make the next date for this matter also June 3rd, at which time I will present any pretrial motions that I will have."

The Court: "June 3rd."

Mr. Vogel: "9:30, your Honor?"

The Court: "9:30. . . ."

On the morning of June 3, 1968, both defendants, the attorney for the codefendant and an assistant State's Attorney, appeared before the court, but defendant's counsel was not present. At this time, the following occurred:

The Court: "Who did you say you represented?"

Mr. Zak: "Defendant Magro."

The Court: "Panker, who is your lawyer?"

Defendant Panker: "John Vogel."

Mr. Zak: "He contacted my office. He sent me a copy of discovery motions and advised—asked that I advise the Court that he'd not be able to make an appearance here. I have a copy of a motion and order. I don't have any originals."

205

Mr. Dondanville: "If the Court please, these matters were set today for the filing of motions by defense counsel."

The Court: "You got a motion?"

Mr. Zak: "I have my own motions, yes, your Honor. I served the State's Attorney with them. . . ."

The codefendant's motions were filed, including a motion of severance, and the State was given 30 days to reply. Subsequently, the motions were allowed. Having concluded the matters before it, pertaining to the codefendant, the court then directed its attention to the defendant and the following transpired:

The Court: "As far as your lawyer is concerned, I am just about ready to revoke your bond and put you in jail; that is, until he shows up.

"And your bond is revoked and you are committed to the custody of the Sheriff. That is the only way I know how to get a Chicago lawyer to show up."

Mr. Dondanville: "I will prepare an order."

The Court: "Advise this man's lawyer that he is in jail until his lawyer shows up out here and takes care of him. . . ."

The defendant's attorney appeared later that morning and the following took place:

Mr. Vogel: "Your Honor, at this time I move that the bond forfeited this morning be reinstated and the prisoner be released from the custody of the Kane County Sheriff."

The Court: "All right; we will vacate the order that we entered this morning, set the case for trial at 1:00 o'clock this afternoon and pick a Jury at that time.

"Draw the order so the Sheriff can release him. . . ."

The record reveals that on the afternoon of June 3, 1968, the voir dire proceedings were commenced and that during these proceedings, the defendant's attorney stated that he would like the record to show that the defendant was reporting not ready. After the jury had been selected, the defendant's attorney requested a continuance in order to determine how long one of his witnesses was going to be in the hospital. The court responded that it wanted counsel to make his opening statement and that he could work out what he was going to do during the evening recess.

On June 4, 1968, counsel for defendant, presented to the court an affidavit for continuance. The affidavit was subsequently file-stamped on June 6, 1968. The affidavit stated that counsel for defendant did not appear in the early morning of June 3, 1968, because of his being engaged in a jury trial in another county, but that said trial did not proceed for failure of defendant to appear. The affidavit further stated that the affiant was unprepared to try this matter and had had only 14 days from arraignment to trial date and was under the impression that on June 3, 1968, a date would be set for trial which would be some date reasonably convenient to his prior commitment in court. The record also indicates that defendant and his counsel had met for the first time on May 17, 1968, and had seen each other 2 or 3 times prior to June 3, 1968.

The general rule is that the granting of a continuance in a criminal case, on the ground of inade-

207

quate time for necessary preparation, is within the province of the trial court's discretion. The People v. Kenzik, 9 Ill2d 204, 212, 137 NE2d 270 (1956). It is also the rule, as expressed in The People v. Dunham, 334 Ill 516, 166 NE 97 (1929) at page 521:

> "No person accused of a serious crime should be forced to trial without a reasonable opportunity to employ counsel and properly prepare his defense. . . . Upon a proper showing that for want of time counsel has not been able to properly prepare the case, . . . or that the cause is not ready for trial for want of opportunity for preparation owing to no fault of the accused, the court, in the exercise of a wise discretion, should postpone the trial to a later day in the term or continue the cause, if necessary." (Citations omitted.)

The court, in People v. McNeil, 102 Ill App2d 257, 261, 243 NE2d 576 (1968), in quoting from The People v. Hambleton, 399 Ill 388, 393, 78 NE2d 293 (1948), stated:

> "A defendant in every criminal case is entitled, under the law, to a reasonable time and full opportunity to prepare for his trial, and that right is one guaranteed to him by the constitution. Innocent or guilty, or whatever his position might be, he is entitled to sufficient time to prepare his defense. . . . There is not one law for an innocent man and another for a guilty man."

In the instant case, the record shows that only 14 days had passed since the defendant's arraignment and no previous continuances had been requested. There is no showing that defendant or his attorney had any notice whatever that the matter was going to proceed to trial on June 3, 1968. On the contrary, as can be seen from

the quoted portion of the record taken at the time of the arraignment, together with the prosecutor's statement on the day of trial, June 3, 1968 was set for pretrial motions and not as the date of trial on the merits.

While we cannot condone the fact that defendant's counsel was not personally present in court on the particular morning set for the filing of pretrial motions, this omission on the part of defendant's counsel should not work to the detriment of the defendant's rights.

We conclude, under the circumstances of this case, that the trial court should have allowed defendant's counsel ample opportunity to prepare for trial and failure to do so constituted reversible error. Having reached this conclusion, it is unnecessary for us to rule upon the other issues raised by the defendant in this appeal.

The judgment of the trial court is reversed and this cause is remanded for a new trial.

Reversed and remanded.

DAVIS, P. J. and ABRAHAMSON, J., concur.