THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LINDA BAIN, a/k/a LAURIE BAIN, Defendant-Appellant.

(No. 71-80; ■■■■■■)

Second District—March 22, 1972.

Ralph Reubner, of Defender Project, of Elgin, (Frederick F. Cohn, of counsel,) for appellant.

Charles E. Marshall, State's Attorney, of Sycamore, for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

Laurie Bain, a freshman student at Northern Illinois University was arrested in the lobby of Grand South Dormitory in the early morning hours of May 20, 1970, following a period of campus disturbances.

A two count indictment was filed June 15, 1970, charging her in general terms with aggravated assault of two Illinois state troopers. The State moved to compel notice of an alibi defense, and on arraignment date, June 29, 1970, the defendant, among other motions, applied to the court for definite information concerning the exact date, time and location of the occurrence. On July 3, 1970, defendant moved to continue the trial date which had been set for July 13, 1970, on the grounds she had not been afforded ample time to prepare her defense during non-school months and had not identified and located necessary witnesses. Continuance was denied. On July 7, 1970, the State supplied the information that the offenses occurred at the dormitory on May 20, 1970, at or between the hours of three and three-thirty A.M.

The trial proceeded on July 13, 1970, before a jury and upon a finding of guilty the court sentenced the defendant to three years probation.

The defendant contends that the refusal of the court to grant her a continuance is reversible error.

■■ It can thus be seen that the defendant was tried within 14 days from the time of arraignment. Additionally, it is to be specifically noted that the defendant was a student and that it was obvious that many of the students had left the school for vacation. Ch. 38, par. 114—4 Ill. Rev. Stat. 1969, specifically sets forth the procedure for a motion for continuance by either the defendant or the State. The basic principle

involved has been stated so many times by the court that it hardly bears repetition, *i.e.,* that a motion for continuance is addressed to the sound discretion of the trial court and that the reviewing court will not interfere in the absence of the abuse of this discretion. In the instant case we feel that the trial court did in fact abuse its discretion in failing to grant a continuance to the defendant under the circumstances of this case. In *People v. Panker* (1970), 120 Ill.App.2d 203, 256 N.E.2d 471 this court stated in citing *People v. Dunham* (1929), 334 Ill. 516, 166 N.E. 97 at page 521:

"No person accused of a serious crime should be forced to trial without a reasonable opportunity to employ counsel and properly prepare his defense  *  *  *  Upon a proper showing that for want of time counsel has not been able to properly prepare the case,  *  *  *  or that the cause is not ready for trial for want of opportunity for preparation owing to no fault of the accused, the court, in the exercise of a wise discretion, should postpone the trial to a later day in the term or continue the cause, if necessary."

We further quote with approval *People v. McNeil* (1968), 102 Ill.App.2d 257, 261, 243 N.E.2d 576 wherein the court quoted *People v. Hambleton* (1948), 399 Ill. 388, 393, 78 N.E.2d 293 which stated:

"A defendant in every criminal case is entitled, under the law, to a reasonable time and full opportunity to prepare for his trial, and that right is one guaranteed to him by the constitution. Innocent or guilty, or whatever his position might be, he is entitled to sufficient time to prepare his defense  *  *  *  There is not one law for an innocent man and another for a guilty man."

The instant case falls within the express statements in the foregoing cases. While this court is cognizant of the fact that considerable criticism is directed at the courts in the United States for failure to proceed with expeditious trials in criminal cases it can hardly be said that this should be carried to the extreme that the court force a defendant to go to trial within 14 days after arraignment.

In view of our ruling in this regard the other errors contended for by the defendant will not be considered. We therefore conclude that under the specific circumstances of this case that the trial court should have allowed the motion for continuance and failure to do so constituted reversible error.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

Reversed and remanded.

MORAN, P. J., and ABRAHAMSON, J., concur.