THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EVAN STULTS, Defendant-Appellant.

(No. 11563;

Fourth District—April 18, 1972.

McGrady, Madden & Watson, of Gillespie, (D. A. McGrady, of counsel,) for appellant.

Thomas P. Carmody, State's Attorney, of Carlinville, (Joseph P. Koval and Dennis L. Schwartz, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Defendant was convicted in a jury trial of the offense of battery and was placed on probation for a term of six months. He was fined $250 and ordered to pay the doctor and hospital bills of the victim of the battery as a condition of probation. He appeals.

The defendant in his brief asserts that the basic issue for review is a matter of procedural due process, a violation of fundamental fairness, and asserts an abuse of discretion in the refusal of the trial court to grant a continuance due to "unprecedented, unfair procedure." We affirm.

The defendant was originally charged in a three-count complaint—two counts of mob action and a third count charged the defendant with the offense of battery as to Paul Armstrong and Carl Mansfield. Counts I and II are not involved in this proceeding.

In January 1971, Count III was called for trial before a jury. Defendant announced ready for trial. The State's Attorney asked leave to dismiss Count III of the original complaint and to file in lieu thereof an amended complaint charging the offense of battery in two counts—one being battery against the person of Paul Armstrong and Count II being battery against the person of Carl Mansfield. The substance of the offense and conduct complained of remained unchanged. Indeed, the language used in the amended complaint was substantially verbatim, the only difference being the separation of the two counts as to the two victims.

Upon the filing of the amendment, the defendant sought a continuance asserting that the nature of the case was changed and that additional violations were charged after the case was called for trial. The defendant cites the case of *People v. McNeil*, 102 Ill.App.2d 257, 243 N.E.2d 576, in support of his conclusion that there was a denial of fundamental fairness. The factual situation in *McNeil* and that which we find in this record are not comparable. In *McNeil*, the State indicated an election to proceed on one of several offenses, but later chose to proceed on another separate and distinct offense. Such is not true here. In this case the charge was not changed, the facts and circumstances were not changed, that which would be reasonably necessary for a defense against the charges was unchanged—the only change being a formal and nonsub-

stantive separation of the offenses. We find nothing in the record to support the appellant's pure conclusion of a denial of fundamental fairness or an abuse of discretion by the trial court in refusing to grant a continuance. The judgment of the circuit court of Macoupin County is affirmed.

Judgment affirmed.

TRAPP, P. J., and SIMKINS, J., concur.