THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES HOLMES, Defendant-Appellant.

(No. 11614;

Fourth District—July 5, 1973.

Charles J. Gramlich, of Springfield, for appellant.

Richard A. Hollis, State's Attorney, of Springfield, (Walter H. Kasten, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant was convicted of murder and attempted armed robbery upon a jury verdict. Sentence of 50 to 100 years was imposed.

Upon appeal it is urged that the trial court abused its discretion in denying defendant's motion for continuance made upon the morning of the trial date, that it was error to consider a prior adjudication of delinquency at the hearing in aggravation and mitigation, that certain reports prepared by the Department of Corrections and introduced over objection at said hearing were inadmissible hearsay and that the sentence was harsh and excessive. The events and the acts of defendant during the offense are not relevant to the issues to be considerd.

■■ It is contended that the refusal of the continuance deprived defendant of a sufficient time to prepare his defense. Such motion was presented on the morning of the first day of trial, March 29, 1971. Defendant and two co-defendants represented by a public defender had been arraigned on January 5th. On January 18th, defendant's counsel was appointed and on February 18th numerous discovery motions were filed by him. Such motions were heard on March 1st. On March 11th, the prosecution filed numerous matters in response to the motions, including the statements of the witnesses and the police investigative reports. Such documents contained the names of all of the witnesses which appeared on the list of witnesses thereafter supplied defendant on March 26th, except the names of four. The record shows that the testimony of the latter were essentially corroborative or cumulative in detail of matters otherwise in evidence. The testimony of the additional witnesses, whose names were provided on the date of trial, did not include any matter critical upon the issue of guilt. The State's Attorney offered and the court directed that such witnesses be made available for interview. The report shows effective cross-examination of such witnesses, and there is, in fact, no specific claim of prejudice. While the list of witnesses provided on March 26th including 44 names, such names were contained in the statements of witnesses and police investigative reports supplied upon March 11th.

■■ A continuance because of inadequate time for preparation is within the trial court's discretion and will not be disturbed on review

unless it is shown that the discretion has been abused. (*People v. Kenzik*, 9 Ill.2d 204, 137 N.E.2d 270; *People v. Bond*, 99 Ill.App.2d 45, 241 N.E. 2d 218.) The burden of showing that it was prejudicial to permit the unlisted witnesses to testify, or that he was surprised by the testimony, is on the defendant. (*People v. Raby*, 40 Ill.2d 392, 240 N.E.2d 595.) The issue contended for is not persuasive in view of the fact that the motion was not made until the date of trial. (*People v. Bond*. See also *People v. Mitchell*, 128 Ill.App.2d 90, 262 N.E.2d 798.) *People v. Panker*, 120 Ill.App.2d 203, 256 N.E.2d 471, is relied upon by defendant, but such case is clearly distinguishable in that neither defendant nor his attorney had received notice of the trial date, and the case was called for trial within 14 days of the arraignment.

■■■ Defendant's claim of surprise by reason of the granting of a severance on the day of trial shows no more than a statement that defendant's counsel had expected to have co-counsel at the trial. The record discloses that the severance essentially resulted from the fact that the two co-defendants claimed dissatisfaction with the public defender representing them and procured retained counsel who was in trial on this date in another county. At a hearing on March 26, 1971, defendant's attorney stated that he had no position with reference to the motion of the co-defendant to sever. The co-defendants were not called during the trial to testify. In *People v. Allen*, 132 Ill.App.2d 1015, 270 N.E.2d 54, it was held that where a co-defendant was removed from the trial at a subsequent time after defendant's arraignment, and where such co-defendant was not called to testify during the trial, the defendant was not prejudiced by the severance and there was no reversible error. The motion to sever had been pending for nearly a month and defendant had no particular right to assume that it would be denied. See *People v. Jordan*, 38 Ill.2d 83, 230 N.E.2d 161.

■■ Defendant urges that it was error to admit evidence over objection of a delinquency decree entered in 1965 under the provisions of the Family Court Act, Ill. Rev. Stat. 1965, ch. 23, par. 2001.

We note initially that the issue here is distinguishable from the issue in *People v. DeGroot*, 108 Ill.App.2d 1, 247 N.E.2d 177; *People v. Stewart*, 130 Ill.App.2d 623, 264 N.E.2d 557, and *People v. Rice*, 5 Ill. App.3d 18, 282 N.E.2d 526. In these cases the court actually listened to hearsay testimony or prejudicial statements while in the stage of determining guilt, and it was said that in overruling the objections to the evidence the court was deemed to have considered the evidence competent for consideration, and that such was reversible error. Here, the evidence consisted of exhibits identified as a delinquency decree and certain diagnostic reports, each marked as an exhibit and admitted. At such

point the evidence in aggravation was terminated, counsel spoke with defendant briefly and proceeded with one witness in mitigation. The record shows that the court immediately proceeded to hear counsel, and thereupon pronounced sentence. The court's comments at the time of sentence were directed entirely to the grossness of the conduct in committing the murder charged without any reference to defendant's record. Within the limits of the record presented, testimony was not heard by the court as in *DeGroot, Stewart* and *Rice*. It does not appear that there was opportunity for the court to actually examine the several exhibits in this record. It does not affirmatively appear that the court was misled or improperly influenced. *People v. Grodkiewicz*, 16 Ill.2d 192, 157 N.E.2d 16.

■■■ Apart from such conclusion, such evidence was admissible. The section of the Family Court Act noted provided that the delinquency decree and the evidence in support thereof should not be admissible in a civil or criminal proceeding except that upon subsequent conviction of the felony such may be introduced and considered upon an application for probation. The Juvenile Court Act, Ill. Rev. Stat. 1971, ch. 37, par. 702—9(2), effective January 1, 1966, provides that a judgment of delinquency and the evidence in support thereof may also be considered in determining the sentence to be imposed upon a subsequent conviction of the "crime".

It is defendant's contention that since the delinquency concerned was determined under the Family Court Act, the evidentiary exclusion proceedings and motion apply to those proceedings without regard to the provisions of the Juvenile Court Act. There is, however, no vested right in a rule of evidence. (*Public Aid Com. v. Brauer*, 11 Ill.2d 416, 142 N.E. 2d 789.) The evidence of a prior juvenile record is admissible in mitigation and aggravation. *People v. Powell*, 53 Ill.2d 465, 292 N.E.2d 409.

■■ It is urged that defendant was not a "delinquent minor" within the meaning of Ill. Rev. Stat. 1969, ch. 37, par. 702—2. That paragraph defines a delinquent as one who violates or attempts to violate any state or federal law. In the delinquency decree defendant was designated as "incorrigible". The Family Court Act, ch. 23, par. 2001, then in effect, defined delinquency in terms of a violation of law and certain other conduct which, under the Juvenile Court Act, Ill. Rev. Stat. 1971, ch. 37, par. 702—3, would now be classified as a need of supervision. The decree at issue, despite the characterization "incorrigible", committed defendant to the Youth Commission and ordered a warrant of commitment to issue. The exhibits in evidence show that defendant did, in fact, violate the law on several occasions and attempted other violations. The record

shows that defendant was delinquent within the terms of ch. 37, par. 702—3.

■■■■ Defendant further urges that it was error to admit the diagnostic reports prepared while defendant was with the Youth Commission. The objection was that the witness did not prepare the report and could not testify that the records were made or kept under his supervision. The testimony is that such reports were a part of the files maintained by the Illinois Department of Corrections, prepared at the Diagnostic Center and maintained for use in parole placement. In *Douglass & Co. v. Industrial Com.*, 35 Ill.2d 100, 219 N.E.2d 486, it was held that records kept by persons in public office which they are required to maintain for the performance of official duties are admissible as evidence of matters properly required to be maintained and recorded in such office. We further note that as to the argument upon hearsay received for purposes of sentence, Ill. Rev. Stat. 1969, ch. 38, par. 1—7(g) contemplates a broad hearing upon the background of the defendant, including his criminal records for the purposes of sentence. (*People v. Spann*, 20 Ill. 2d 338, 169 N.E.2d 781; *People v. Forman*, 108 Ill.App.2d 482, 247 N.E. 2d 917.) The so-called "rap sheet" of prior convictions is admissible, although a matter of hearsay. (*People v. Daugherty*, 106 Ill.App.2d 250, 245 N.E.2d 7.) Similarly, probation reports or pre-sentence reports contain much hearsay, but are deemed admissible for consideration in determining sentence.

■■■ Counsel urges, in general terms, that the sentence is harsh and excessive. At the time of sentence, defendant's counsel suggested a minimum of 20 years. The trial court pointed out that eligibility for parole upon the minimum sentence imposed was the same as that for the suggested minimum for 20 years. (See Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1003—3—3.) The court noted that he wished to assure the maximum possible time for supervision in the event of the release upon parole. The trial court heard the evidence and had the opportunity to observe the defendant. No mitigating circumstances can be discovered in the conduct culminating the murder. The authority of a reviewing court to reduce sentence is to be used with caution. (*People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673.) Such authority is not to be used to substitute the judgment of the reviewing court for that of the trial court. *People v. Scott*, 117 Ill.App.2d 344, 253 N.E.2d 553.

■■■ The jury verdicts found defendant guilty of both murder and attempted robbery. Judgments were entered upon each of such verdicts although no sentence was imposed on the conviction of attempted robbery. It appears that the attempted robbery cannot be said to be inde-

pendently motivated or otherwise separable from the offense of murder, and accordingly the conviction of attempted robbery is reversed. *People v. Whittington*, 46 Ill.2d 405, 265 N.E.2d 679; *People v. Leggett*, 2 Ill. App.3d 962, 275 N.E.2d 651.

The conviction of murder is affirmed but the conviction of attempted robbery is reversed and the cause is remanded to the circuit court with directions to issue an amended mittimus.

Affirmed in part, reversed in part and remanded with directions.

CRAVEN, P. J., and SMITH, J., concur.