THE STATE OF OHIO, APPELLEE, *v.* GOINS, APPELLANT.█.

[Cite as State v. Goins (1975), 47 Ohio App. 2d 283.]

(Nos. 7759 and 7760—Decided September 24, 1975.)

*Mr. Stephan Gabalac,* prosecuting attorney, and *Mr. Frederick L. Zuch,* for appellee.

*Mr. Lawrence R. Smith,* for appellant.

BRENNEMAN, J. Defendant was indicted for a violation of R. C. 2923.02 (attempt to commit rape), Count 1, allegedly committed on July 26, 1974, and for a violation of R. C. 2907.02(A)(1) (Rape), Count 2, allegedly committed on July 28, 1974. Both offenses were committed upon the victim (Cornwell) and are herein designated as case 7759.

A further indictment was returned by the grand jury

against this same defendant for committing rape on December 2, 1974, upon another victim (Crumby). This latter indictment is herein designated as case 7760.

A trial by jury followed in case 7759 on both counts on December 12, 1974. On that same day, the jury was unable to agree upon a verdict and was discharged. A second trial by jury in case 7759 was commenced the following day (December 13, 1974). Again, the jury was unable to agree and was discharged. In both trials, the defendant was represented by two able and competent attorneys.

In case 7760, the trial court appointed the present counsel on December 5, 1974, for a trial to be held on December 19, 1974. On December 18, 1974, the two attorneys in case 7759 were permitted to withdraw; whereupon, the trial judge appointed present counsel to represent the defendant in case 7759 in addition to case 7760, and instructed new counsel to proceed to trial on both cases the next day (December 19, 1974).

A trial followed on December 19, 1974, in both cases. Verdicts of guilt were returned by the jury. The sentences in case 7759 were to run concurrently. The sentence in case 7760 was to run concurrently with the sentence on Count 1 of case 7759, and consecutively with the sentence on Count 2 of case 7759.

The appeals in both cases are timely filed and are consolidated for purposes of this appeal.

The errors claimed are:

"1. The trial court erred in allowing over objection of counsel the prejudicial testimony concerning the conversation between co-defendant Wims and James Crumby.

"2. The trial court erred in allowing for an in-court identification of appellant since such identification was predicated on an unduly suggestive identification.

"3. Appellant was denied his right to a fair trial and concomitant with that his right to prepare an adequate defense in violation of Article XIV of the Constitution of the United States."

The facts in the trial of both cases are limited to conduct occurring in the Summit County jail, where the victims and

this defendant were prisoners. In case 7759, the male victim (Cornwell), age 18, was incarcerated for a probation violation. In case 7760, the male victim (Crumby), age 18, was incarcerated for ten days for trespassing on school property. The rapes in both cases and the attempt to rape consisted of anal intercourse. The assigned errors of the defendant were argued in reverse order, and we consider them in the same order.

The gravaman of the third assignment of error is the claim that defendant was denied effective counsel in case 7759 in that counsel was notified by telephone and appointed to represent the defendant in that case on December 17, 1974, and to proceed to trial on December 19, 1974. The docket entry establishes counsel was appointed on December 18, 1974, and proceeded to trial the following day. We attach little import as to whether counsel was notified of his appointment by telephone on December 17, 1974, or received notice by journal entry on December 18, 1974. We hold that the difference of 24 hours is inconsequential, considered in the light of defendant's Sixth Amendment rights to effective counsel. Twenty-four hours would not contribute substantially to trial preparation time so as to make defendant's attorney completely informed and effective as defense counsel.

It is basic law that the defendant has the right to a speedy trial in a criminal proceeding. The question considered by this court is not whether this trial was so speedy as to violate the defendant's right to a fair trial, but whether that speed denied appointed counsel time within which to render reasonably effective assistance to the defendant by proper preparation of his cases, by an attorney of ordinary training and skill, preventing an investigation of possible defenses. We hold the facts established by the record in case 7759 did deny to this defendant the services of effective counsel because the trial was so speedy that otherwise skilled counsel was denied an opportunity to investigate and prepare the case. Thus, defendant was denied his constitutional right under the Sixth Amendment of the Constitution of the United States. See; *Beasley* v. *United*

*States* (C. A. 6, 1974), 491 F. 2d 687 and the many cases therein cited.

We are of the further opinion that counsel's failure to object to a trial so speedy as to violate a criminal defendant's rights does not constitute a waiver of such vested constitutional right.

The court in *McMann* v. *Richardson* (1970), 397 U. S. 759, at page 771, in dealing with the question of effective assistance of counsel states:

"* * * [J]udges should strive to maintain proper standards of performance by attorneys who are representing defendants in criminal cases in their courts."

We hold that directing appointed counsel in case 7759 to proceed to trial the day following his appointment constituted an abuse of discretion by the trial court and resulted in a trial so speedy as to cause counsel to be ineffective. See, *People* v. *Johnson* (1970), 45 Ill. 2d 38, 257 N. E. 2d 3, and *People* v. *Bain* (Ill. App. 1972), 280 N. E. 2d 776.

We find the second claimed error (directed to case 7760) is without merit. The identification of defendant by showing 12 pictures, seven of which were of white males and five of which were of black males and limited to pictures of inmates located on a common range of cells of the county jail where the crime occurred, was not so suggestive as to give rise to a substantial likelihood of mistaken identification. See, *Stovall* v. *Denno* (1967), 388 U. S. 293, 297. An in court identification followed, without the use of the photographs.

The third claimed error is also directed to case 7760 and is without merit. The objectionable conversations to which this claim of error is directed were inadmissible and were properly striken by the court upon the motion of defendant's counsel, followed by the timely proper instruction to the jury not to consider the same. No trial is perfect. The timely instruction to the jury corrected the error and, consequently, did not constitute prejudicial error under the facts in this case.

Given the relatively simple facts to prove or disprove in case 7760, we find that the appointment of defendant's counsel, two weeks prior to the trial date, was made in suffi-

cient time to prepare a defense. We hold that counsel effectively represented the defendant and that the record reflects the adequate preparation and defense of that case.

We find assigned errors 1, 2 and 3 to be without merit, as to case 7760. Accordingly, we reverse case 7759 and remand that cause to the trial court for retrial. We find no error prejudicial to any substantial right of the defendant in case 7760 and, accordingly, affirm that judgment.

> *Judgment reversed and cause remanded in case 7759 and affirmed in case 7760.*

Mahoney, J., concurs.

Victor, P. J., concurs in case No. 7760 and in the judgment in case No. 7759.