THE STATE OF OHIO, APPELLEE, *v.*
EMORY, APPELLANT.

(No. 45860—Decided October 24, 1983.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Mr. Hyman Friedman,* county public defender, for appellant.

PATTON, C.J. Defendant-appellant, Nathaniel Emory, appeals from his convictions by a jury for one count of receiving stolen property and one count of possessing criminal tools.

On the evening of April 20, 1981, Cleveland Patrolmen Kobylinski and Oryl responded to a radio assignment in the area of 3768 East 144th Street. Upon arriving there, they heard banging noises coming from the rear of a vacant and boarded house. They proceeded to the backyard where they observed three males, appellant, co-defendant Michael Hurd, and Rinaldo Payne, standing around a stripped automobile. Appellant and Hurd were seen pounding on the transmission. The officers identified themselves; the males attempted to flee.

They were apprehended and a pair of vice grips, a wrench and two ratchet sets were confiscated.

Appellant and co-defendant Hurd testified and both denied any involvement in the automobile incident. They were found guilty of both counts. Appellant appeals and assigns two errors for this court's review.

I

"The trial court erred, abused its discretion and denied defendant-appellant his right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Art. I § 10 of the Ohio Constitution."

Appellant argues that he was denied effective assistance of counsel because: (1) the trial court failed to grant his motion for a continuance; and (2) the trial court permitted the trial to proceed for a period of time in the absence of his counsel. We find these arguments well-taken.

On the scheduled trial date, the court was informed by Assistant Public Defender Patricia Snyder that appellant's assigned counsel was unavailable for trial because he had been injured in an automobile accident. For this reason, she moved for a continuance, adding that she had just been given the case file and told *to appear in court on behalf of appellant.* The court recessed for one and one-half hours to permit Snyder to prepare her case. At that time, the trial began, with Assistant Public Defender Richard Hubbard representing appellant, as Snyder apparently refused to proceed under the court's conditions.

The lack of an opportunity for the accused's counsel to investigate the circumstances of the offense and prepare a defense has been held to be a denial of effective assistance of counsel. *State* v. *Goins* (1975), 47 Ohio App. 2d 283 [1 O.O.3d 350]. This court has stated that: "In scrutinizing claims that counsel was ineffective because lately appointed, we have looked to time to consult with the

client as a critical criterion." *State* v. *Pavone* (May 5, 1983), Cuyahoga App. Nos. 45202 and 45203, unreported. One and one-half hours is simply insufficient time for counsel to confer with his client and to perform those other duties essential to effective representation. Accordingly, this argument has merit.

The trial court permitted the trial to proceed for a period of time without appellant's counsel present. During this time, appellant's counsel missed co-defendant Hurd's direct examination and a portion of the cross-examination. Appellant's motion for a mistrial on this basis was overruled.

An accused "requires the guiding hand of counsel at every step in the proceedings against him." *Powell* v. *Alabama* (1932), 287 U.S. 45, 69. Clearly, appellant was deprived of this guiding hand during the time which his counsel was absent from the courtroom. Because a substantial right of appellant was thereby affected, *i.e.*, that of effective representation of counsel, his motion for a mistrial should have been granted. See *Tingue* v. *State* (1914), 90 Ohio St. 368.

Appellant's first assignment of error is sustained.

## II

"Appellant was convicted with evidence insufficient as a matter of law thereby denying him due process as guaranteed by the Fourteenth Amendment to the United States Constitution and Art. I § 16 of the Ohio Constitution."

Inasmuch as appellant was denied effective assistance of counsel, we are unable to address this assignment of error on its merits.

Accordingly, the judgment below is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

CORRIGAN and PRYATEL, JJ., concur.