OPINION
Robert Fazio, the natural father of Lowell Robert Fazio Romey appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which terminated his parental rights in his minor son and granted permanent custody of the child to the Stark County Department of Human Services. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE JUDGMENT OF THE TRIAL COURT GRANTING PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 II. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE CHILD WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 III. THE TRIAL COURT ABUSED ITS DISCRETION WHEN OVERRULING THE MOTION FOR A CONTINUANCE.
The trial court's findings of fact note that the minor child, Bobby, has been in the temporary custody of the Stark County Department of Human Services since birth. Appellant and the child's mother have never been married, although they have an older child who at the time of the hearing in this case was in the custody of State of California. Appellant's case worker for Los Angeles County testified appellant had been working on obtaining custody of his daughter since 1994, and the case worker testified appellant has difficulty making judgments and setting appropriate boundaries with his daughter. At the time of the hearing, appellant had not visited the child or provided any support. Appellant is on SSI and is diagnosed schizophrenic.
The child's mother had shown no interest in the child and had not been heard from for over a year before the hearing on the motion for permanent custody. Appellant testified he had completed parenting classes in California, but produced no evidence in support of this. Appellant admitted earlier in his life he had had problems with drugs and alcohol, but testified he had been drug and alcohol free for several years.
The trial court found by clear and convincing evidence that the severe and chronic mental illness, emotional illness, and chemical dependency of the parents made the parents unable to provide an adequate permanent home for the child at the present time or in the foreseeable future. The court found both parents demonstrated a lack of commitment towards Bobby and are unwilling to provide him with the basic necessitates. The court found Bobby cannot and should not be placed with either parent at this time or in the foreseeable future. The court found neither parent had bonded with the child and the guardian ad litem strongly recommended permanent custody be granted to DHS.
 I and II
Appellant urges the trial court's determination that the best interest of the child is served by giving permanent custody of Bobby to DHS was against the manifest weight of the evidence.
R.C. 2151.414(B)(1) permits a court to grant permanent custody to DHS if it finds by clear and convincing evidence that the child cannot be placed with either parent within a reasonable time and or should not be placed with his parents. The Revised Code lists eight grounds for finding the child cannot be placed with either parent. The trial court quoted three of those grounds in its findings.
R.C. 2151.414(D) lists five factors which the court should consider as relevant to the question of the best interest of the child. The trial court discussed each of the factors in its findings of fact regarding Bobby's best interest.
Appellant cites us to In Re: Brofford (1992) 83 Ohio App.3d 869, as authority for the proposition that judgments supported by competent and credible evidence which goes to each of the essential elements will not be reversed as against the manifest weight of the evidence. We have reviewed the record, and we find the trial court's judgment is supported by sufficient competent and credible evidence to entitle it to conclude by clear and convincing evidence that Bobby cannot and should not be placed with either parent now or in the future, and that it was in Bobby's best interest to grant permanent custody to DHS.
The first and second assignments of error are overruled.
 III
The trial court appointed an attorney to represent appellant on April 16, 1996. That attorney withdrew in November of 1996, and Christopher Vonderau, Esquire, was appointed counsel for appellant. In May of 1997, Attorney Vonderau withdrew because he was leaving the State of Ohio, and Attorney Janel Myers was appointed to represent appellant. Attorney Myers moved for a continuance of the permanent custody hearing, informing the court that she had no contact with appellant since her appointment, and that Attorney Vonderau had had contact with appellant approximately two months before the hearing on permanent custody. The trial court overruled the motion for continuance based upon appellant's contact with his previous attorney.
Appellant concedes a motion for continuance is a matter addressed to the broad discretion of the trial court, see State v.Unger (1981), 67 Ohio St.2d 65. Appellant urges, however, that it is an abuse of discretion to force newly appointed counsel to proceed to trial without adequate time to prepare or to discuss the matter with the client, see State v. Emory (1983), 12 Ohio App.3d 41. The Supreme Court has frequently defined the term abuse of discretion as indicating that trial court's attitude is unreasonable, arbitrary or unconscionable, see e.g. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217 at 219.
We have reviewed the record, and we find the trial court did not abuse its discretion when it overruled the motion to continue. The court notified appellant of the appointment of the new attorney promptly, and the record demonstrates appellant did not contact his attorney to review the case.
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed.
By Gwin, J., Farmer, P.J., and Wise, J., concur.
 JUDGMENT ENTRY
CASE NO. 1997CA0367
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed. Costs to appellant.